# ERSHOWSKY VERSTANDIG PLLC
290 CENTRAL AVENUE, LAWRENCE, NY 11559

June 30, 2025

<u>*Via ECF*</u>

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

    Re:    *Lynch v. Palm Avenue Hialeah Trust*
                  Civil Action No. 2:25-cv-03583-ARL

Dear Judge Lindsay:

      My firm represents Palm Avenue Hialeah Trust ("Palm Avenue") in the above-referenced action, as well as the related special proceeding in the District Court of Nassau County, *Palm Avenue Hialeah Trust v. Lynch, et al.*, LT-00059/2022 (the "Housing Court Proceeding"). I write concerning Desmond Lynch's ("Lynch") purported removal of the Housing Court Proceeding and his application for a stay of the warrant of eviction and other actions in the now-concluded Housing Court Proceeding.

      I received a voicemail and email from Lynch yesterday stating that he will be making an application to stay enforcement actions by the Nassau County Sherriff with respect to the warrant of eviction to be issued after trial of the Housing Court Proceeding. Enclosed herewith is a copy of the order issued by the Nassau District Court in the Housing Court Proceeding. The Housing Court Proceeding concerns the post-foreclosure holdover eviction of Lynch and other occupants from a property that was sold in foreclosure to Palm Avenue in 2020. That foreclosure action was commenced in 2004.

      After trial, which took place more than three years after commencement of that summary proceeding, Palm Avenue was awarded a judgment of possession with respect to the subject premises and a warrant of eviction applicable to all occupants, including Lynch. In addition to the relief awarded to Palm Avenue, the Court made specific findings with respect to Lynch's testimony given in defense of the Housing Court Proceeding at trial:

> In particular, the Court finds that Respondent Lynch gave false testimony about a document he introduced into evidence; namely a lease he claimed to have signed in 1999, although the form of lease was not created until 2004. As a result, the Court finds a distinct lack of credibility in Mr. Lynch's testimony, which was reflected in other testimony as well.

Indeed, Lynch is the subject of other court findings with respect to his false representations and other conduct before the Nassau County Supreme Court with respect to the foreclosed property. In a separate proceeding brought against the law firm representing the plaintiff in the foreclosure proceeding, the court sanctioned Lynch and dismissed the quiet title proceeding. Enclosed herewith is a copy of that order. Specifically, the court detailed the history of Lynch's conduct, noted that "[i]t is clear that the satisfaction of mortgage is clearly fraudulent and that the very existence of Plaintiff entity remains in question[,]" and found that "[i]n light of the long history of excessive and frivolous litigation in this matter, it is appropriate that the Court award sanctions, and that [] Desmond Lynch be prevented from further abuse of the court system through an order precluding further filings absent permission from the Court."

This purported removal of the already-concluded Housing Court Proceeding is simply another frivolous court filing intended to delay the eviction of Lynch from the property.

Moreover, the Housing Court Proceeding cannot be subject to removal, especially after trial has already concluded. First, removal is untimely. A notice of removal must be filed within 30 days of service in the underlying action. 28 U.S.C. § 1446(b). Here, the notice of petition was served on Lynch in February 2022. Lynch attempted to remove the Housing Court Proceeding more than three years later. Second, there is no basis for removal because there is no basis for federal jurisdiction over the Housing Court Proceeding claims. *See Kalamas v. Consumer Solutions Reo, LLC*, 2010 WL 4811894, at *4 (E.D.N.Y. Nov. 17, 2010). Indeed, in *Kalamas*, the Court specifically found that the defendant's attempted removal was improper where he alleged violation of federal statutes and his constitutional rights as a defense to a holdover proceeding, stating that such ***defenses*** "are insufficient to confer this Court with federal question jurisdiction over the holdover proceeding." *Id*. (*citing City of Rome, N.Y. v. Verizon Communcations, Inc*., 362 F.3d 168, 174 (2d Cir. 2004)). The same is true here. Whatever Lynch's allegations, which have already been raised to no avail in the Housing Court Proceeding, there is no basis for removal. Accordingly, Lynch's application should be denied, and this proceeding should be remanded immediately.

           Very truly yours,

           *Michael Ershowsky*
           _____
           Michael Ershowsky, Esq.

cc.
Desmond Lynch (via email)

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT : CIVIL PART

PALM AVENUE HIALEH TRUST

Plaintiff(s),

against

DESMOND LYNCH, et al.

Defendant(s)

Index No. LT-00059/22

Present:

Hon. WM. HOHAUSER

## ORDER

Following a full hearing, the Court finds in favor of the Petitioner, and awards Petitioner a judgment of possession and a warrant of eviction. Said warrant and judgment shall apply to all occupants of the premises located at 970 Hillman Street, Hempstead NY 11552.

In particular, the Court finds that Respondent Lynch gave false testimony about a document he introduced into evidence; namely a lease he claimed to have signed in 1999, although the form of lease was not created until 2004. As a result, the Court finds a distinct lack of credibility in Mr. Lynch's testimony, which was reflected in other testimony as well.

Execution of the warrant of eviction is stayed to and including 6/26/25

This constitutes the order of the Court.

Dated: 6/12, 20 25

ENTER:

_William Hohauser_
DISTRICT COURT JUDGE

HON. WILLIAM HOHAUSER

cc:

Attorney for Plaintiff(s)

Attorney for Defendant(s)

At a Term of the Supreme Court
of the State of New York held in
and for the County of Nassau,
100 Supreme Court Drive,
Mineola, New York, on the 18TH
day of October 2018

PRESENT:
    HON. JULIANNE T. CAPETOLA
    Justice of the Supreme Court

-----------------------------------------------------------------X
PCMG 1 LLC,

                          Plaintiff,      **ORDER**
                                      Index No: 608407/2018

- against -

GROSS POLOWY, LLC, et.al.,

                          Defendants.
-----------------------------------------------------------------X

The following papers were read on this Motion:
Defendant Gross Polowy, LLC's Notice of Motion and Supporting Documents
Plaintiff's Affirmation in Opposition
Defendant Gross Polowy's Reply Affirmation

      Defendant Gross Polowy, LLC (hereinafter "Defendant") in this civil action has moved by notice of motion for an order pursuant to CPLR §3211(a)(1), (5) and (7) dismissing the complaint. Plaintiff has opposed the motion, Defendant replied and the motion was deemed submitted September 13, 2018.

      In determining a motion for dismissal pursuant to CPLR §3211(a)(7), "the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated". *Board of Education v. County of Westchester*, 282 A.D.2d 561 (2d. Dept. 2001). A motion to dismiss for failure to state a cause of action "cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that material facts are only argumentatively averred. The pleading may be deficient in technical language or in logical statement, but, as against a demurrer or a motion of this character at the trial, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment". *Kain v. Larkin*, 141 N.Y. 144 (N.Y.C.A. 1894).

The underlying action seeks to quiet title to a property that has been the subject of foreclosure proceedings, pertaining to a mortgage executed by borrower Desmond Lynch, dating back to 2004. And Order of Reference and Judgment of Foreclosure and Sale were issued in 2005. The parties therein then entered into a Forbearance Agreement dated February 28, 2006 wherein the defendant in that action, Desmond Lynch, agreed to waive any defenses and agreed not to make applications to the Court, and agreed that the Judgment of Foreclosure and Sale was valid, correct and enforceable.

Desmond Lynch, defendant in the prior foreclosure action, filed a motion to stay the foreclosure sale on April 18, 2008 which was denied on September 2, 2008, and filed a motion to vacate the Judgment of Foreclosure and Sale dated September 11, 2009 which was denied on October 7, 2009. Plaintiff moved to appoint a successor referee and to allow publication of a late notice of sale on August 12, 2016. Plaintiff's motion was adjourned multiple times while Desmond Lynch changed attorneys a number of times before choosing to proceed pro se. Plaintiff's motion was granted November 28, 2016. While that motion was pending, Desmond Lynch filed yet another order to show cause which was denied on February 17, 2017 in an order that included language barring him from any further filings without prior approval of the Court. In disregard of the February 17, 2017 order, Lynch filed another order to show cause May 15, 2017 which was denied on the return date of May 24, 2017. Lynch filed a motion with the Appellate Division, Second Department on June 9, 2017 which was denied on January 30, 2018. He filed for bankruptcy on June 13, 2017, which was dismissed in December of 2017. Lynch filed yet another order to show cause on March 2, 2018 which was denied by order of the Honorable Thomas A. Adams dated April 25, 2018, which was not appealed.

The complaint alleges that the underlying mortgage and note were assigned to Plaintiff by Defendant's client, ARCPE I LLC, and that Plaintiff PCMG 1 LLC filed a satisfaction of mortgage. Plaintiff, in opposition, has submitted an affidavit from Matthew Sanglu which does not state where Plaintiff is located, or whether Plaintiff entity is authorized to do business in New York. There is no such entity registered in New York State. Additionally, as pointed out by Defendant in their opposition papers, the address on the satisfaction of mortgage, which Defendant claims is fraudulent, is the address of a UPS store in Minneapolis, Minnesota. Defendant has also annexed to their moving papers an affidavit from the notary who allegedly notarized the signatures on the satisfaction of mortgage wherein the notary, Joseph P. Wagner, claims he did not notarize the document, has no record of same, and believes his notary stamp was copied and fraudulently utilized. It is clear that the satisfaction of mortgage is clearly fraudulent and that the very existence of Plaintiff entity remains in question.

Defendant also argues, correctly, that inasmuch as they represent the holder of the mortgage and note in the prior foreclosure action and have no interest in the subject property, they are not properly named as defendants herein.

"The doctrine of res judicata precludes a party from litigating "a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Matter of Hunter, 4 N.Y.3d 260, 269, 794 N.Y.S.2d 286, 827 N.E.2d 269 [2005] ). Under New York's transactional approach to the rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 [1981] )". *Josey v. Goord*, 9 N.Y.3d 386 (2007).

There can be no clearer example of *res judicata* than the instant matter. The prior foreclosure proceeding went on for well over a decade and the borrower on the subject mortgage filed countless motions, orders to show cause, and bankruptcy proceedings in an effort to delay the foreclosure proceedings. Before the Court is an unidentifiable entity now claiming that this mortgage has been satisfied pursuant to a fraudulent document fourteen years after the fact. This matter has been fully and exhaustively litigated and the Court is bound by the countless prior decisions pertaining to this mortgage and property.

"Public policy mandates free access to the courts. However, when a litigant is 'abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation' (Sassower v. Signorelli, 99 A.D.2d 358, 359, 472 N.Y.S.2d 702). Thus, '[m]any courts have found it necessary to enjoin pro se litigants from commencing or continuing any further actions when it was found those litigants were abusing the judicial process' (Spremo v. Babchik, 155 Misc.2d 796, 803, 589 N.Y.S.2d 1019, mod on other grounds 216 A.D.2d 382, 628 N.Y.S.2d 167, lv denied 86 N.Y.2d 709, 634 N.Y.S.2d 443, 658 N.E.2d 221, cert denied 516 U.S. 1161, 116 S.Ct. 1048, 134 L.Ed.2d 194)". *Shreve v. Shreve*, 229 A.D.2d 1005 (4th Dept. 1996).

In light of the long history of excessive and frivolous litigation in this matter, it is appropriate that the Court award sanctions, and that the Desmond Lynch be prevented from further abuse of the court system through an order precluding further filings absent permission from the Court.

With regard to Defendant's application for sanctions and an award of attorneys' fees and costs, it is clear that such sanctions are warranted in this matter.

"The fact that one appears pro se is not a license to abuse the process of the Court and to use it without restraint as a weapon of harassment and libelous bombardment . . . Commencement of action upon action based on the same facts dressed in different garb, after thrice being rejected on the merits and having been repeatedly warned that the claims were barred by res judicata, can only be explained as malicious conduct". *Kane v. City of New York*, 468 F.Supp. 586 (S.D.N.Y. 1996).

Defendant shall be permitted to submit an affirmation of services to the Court together with a proposed order, on notice, and an award of reasonable attorneys' fees and costs shall be granted.

Inasmuch as there is no specific application before the Court with regard to a referral to the appropriate authorities for the purposes of opening a criminal investigation regarding the alleged satisfaction of mortgage, the Court shall defer to Defendant to determine whether they wish to initiate such an investigation.

Accordingly, it is hereby:

ORDERED, that the motion is hereby granted in its entirety and the complaint filed under Index #608407/2018 is hereby dismissed with prejudice. Defendant shall submit an affirmation of services and a proposed order on notice, and the Court will grant an award of reasonable attorneys' fees and costs; and it is further

ORDERED, that Desmond Lynch is hereby restrained and enjoined from filing any further actions or motions with the Court without the assistance of counsel and without leave of Court.

Defendant Gross Polowy LLC shall serve a copy of this order upon all parties within ten (10) days of their receipt hereof.

This constitutes the decision and order of the Court.

ENTER

Dated: 10/18/18

HON. JULIANNE T. CAPETOLA
J.S.C.

ENTERED
OCT 22 2018
NASSAU COUNTY
COUNTY CLERK'S OFFICE

**STATE OF NEW YORK NASSAU COUNTY DISTRICT COURT**

**AFFIDAVIT OF SERVICE**



*2833376*

Index no : LT-000059-22

| Petitioner: | PALM AVENUE HIALEAH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEAH TRUST, SERIES 2014-1 |
|---|---|
| Respondent: | DESMOND LYNCH, ET AL |

STATE OF NEW YORK
COUNTY OF SUFFOLK    ss.:

**JOHN DOWNS**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW YORK.

On 02/09/2022 at 1:42 PM, deponent served the within **NOTICE OF HOLDOVER PETITION, AFFIRMATION, NOTICE TO RESPONDENT TENANT IN ENGLISH AND SPANISH LANGUAGE ON COLORED PAPER, NOTICE TO TENANT WITH TENANT'S DECLARATION OF HARDSHIP DURING THE COVID-19 PANDEMIC IN ENGLISH AND SPANISH LANGUAGE IN 14 POINT FONT, A LIST OF LEGAL SERVICE PROVIDERS, AND HOLDOVER PETITION** Bearing Index Number LT-000059-22 and date of filing of 01/04/2022 on **DESMOND LYNCH** at **970 HILLMAN STREET, WEST HEMPSTEAD, NY 11552** in the manner indicated below:

AFFIXED TO DOOR: By taping a true copy of each to the door of said premises, which is **respondent's** place of residence within the state. Deponent was unable, with due diligence to find **respondent** or a person of suitable age and discretion;

Deponent also enclosed a copy of same to the above recipient at 970 HILLMAN STREET, WEST HEMPSTEAD, NY 11552 in a postpaid sealed properly addressed wrapper not indicating that the mailing was from an attorney or concerned legal action and marked PERSONAL AND CONFIDENTIAL and deposited said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State. MAILED ON 02/09/2022 CERTIFIED AND FIRST CLASS MAIL. Article# 70210350000017437398;

2/7/22 AT 7:41 AM, 2/8/22 AT 6:09 PM, 2/9/22 AT 1:42 PM/ BRICK AND STONE RESIDENCE, WHITE DOOR

Your deponent asked **FEMALE OCCUPANT THRU THE DOOR**, whether the **respondent** was active in the military service and received a negative reply. Upon information and belief I have; being based on the conversations and observations above narrated, **respondent** is not active in the military service.

Sworn to and subscribed before me on

2\10\22

Notary Public,

FRANCESCA ANNE LAMANNA
Notary Public, State of New York
No. 01LA6360046
Qualified in Suffolk County
Commission Expires June 12, 2025

X _____
JOHN DOWNS
Alstate Process Service Inc.
60 Burr Drive
Deer Park, NY 11729
631/667-1800

EISENBERG LAW PLLC
445 CENTRAL AVE SUITE 112
CEDARHURST, NY 11516

Atty File#: 970 HILLMAN PNP