UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DESMOND LYNCH,

                Plaintiff,

      v.                                       **MEMORANDUM AND ORDER**
                                                               25-CV-3583 (RPK) (ARL)

PALM AVENUE HIALEH TRUST and
JOHN OLSEN,

                Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Desmond Lynch, proceeding *pro se*, initiated this proceeding against Palm Avenue Hialeh Trust ("Palm Avenue") by filing a document titled both "Notice of Removal" as well as "Federal Complaint." *See* Not. of Removal and Compl. 1, 5 (Dkt. #1). Construed liberally, Mr. Lynch objects to a state court judgment of possession and warrant of eviction entered in a holdover case brought by Palm Avenue in the District Court of Nassau County, Landlord-Tenant Part. *See id.* at 5–15. Mr. Lynch alleges that he did not receive due process in the underlying state case and seeks damages. *See ibid.* Mr. Lynch also filed a motion for a temporary restraining order and preliminary injunction enjoining Palm Avenue from evicting Mr. Lynch from the property at 970 Hillman Street, West Hempstead, NY 11552. *See* Mot. for TRO & Prelim. Inj. (Dkt. #5). Palm Avenue opposes Mr. Lynch's motion for a temporary restraining order and preliminary injunction and asks the Court to remand the case. *See* Palm Avenue Opp'n (Dkt. #4). As explained below, to the extent Mr. Lynch sought to remove the state court proceeding, this case is remanded to the District Court of Nassau County; to the extent Mr. Lynch sought to file an original federal action in this court, the action is dismissed for lack of subject-matter jurisdiction. *See Snider v. Melindez*,

1

199 F.3d 108, 113 (2d Cir. 1999) (a district court may *sua sponte* dismiss an action without notice and an opportunity to be heard where "it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective").

## I. Removal Jurisdiction Over the State Court Action

To the extent Mr. Lynch seeks to remove the underlying state court action to federal court, Mr. Lynch has not satisfied the requirements of removal. To remove a civil action in a state court to federal court, among other requirements, the defendant must file "a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Further, the defendant must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). Mr. Lynch did not file any accompanying state court process with his notice of removal. Helpfully, Palm Avenue's opposition attaches the proof of service of the underlying state court action on Mr. Lynch, which indicates that he was served in 2022. *See* Palm Avenue Opp'n 8. That date of service renders Mr. Lynch's attempt at removal untimely, because the notice of removal was not filed until June 26, 2025.

## II. *Rooker-Feldman* Doctrine

Even Mr. Lynch had met the requirements for removal, the Court would still be obligated to remand on the basis of the *Rooker-Feldman* doctrine. The same is true of any original complaint Mr. Lynch may have sought to file in this court; any such complaint is dismissed for lack of subject-matter jurisdiction.

Under the *Rooker-Feldman* doctrine, "federal district courts lack [subject-matter] jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v.*

*City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)).  For a claim to be barred under *Rooker-Feldman*, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

All elements are met here.  Mr. Lynch alleges that, prior to the filing of his federal complaint, the state court entered a judgment divesting him of possession and granting a warrant for his eviction.  Not. of Removal & Compl. 3, 11–12; *see also* Palm Avenue Opp'n 3.  In this action, he challenges the validity of that judgment and explicitly seeks to vacate it and enjoin his eviction.  *See* Not. of Removal & Compl. 11; *see also* Mot. for TRO & Prelim. Inj.  Accordingly, the *Rooker-Feldman* doctrine bars this action.  *See, e.g.*, *Kalamas*, 2010 WL 4811894, at *5–6 (remanding challenge to judgment entered in holdover proceeding under *Rooker-Feldman*); *Sadiq v. Vitacco*, No. 22-CV-1064 (RPK) (TAM), 2022 WL 17177789, at *2 (E.D.N.Y. Nov. 23, 2022) (remanding challenge to judgment entered in foreclosure proceeding under *Rooker-Feldman*).

\*   \*   \*

For the foregoing reasons, to the extent Mr. Lynch sought to remove the state court proceeding, Palm Avenue's motion to remand is granted and the action is remanded to the District Court of Nassau County.  To the extent Mr. Lynch sought to file an original federal action in this court, the action is dismissed for lack of subject-matter jurisdiction.  Because Mr. Lynch has not

filed an action over which this Court has jurisdiction, Mr. Lynch is not entitled to a temporary restraining order or preliminary injunction.

Although Mr. Lynch paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case, to mail a certified copy of this order to the clerk of the Nassau County District Court, and to mail a copy of this order to Mr. Lynch and file proof of mailing on the docket.

SO ORDERED.

                                                                  /s/  Rachel Kovner
                                                              RACHEL P. KOVNER
                                                              United States District Judge

Dated: July 2, 2025
       Brooklyn, New York