UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESMOND LYNCH,
Plaintiff

-against-

**Federal Docket Case # 2:25-cv-03583-RPK-ARL**

PALM AVENUE HIALEH TRUST , JOHN OLSEN **(aka director and alleged king-pin of an Interstate organized criminal enterprise and interstate racket )**

**NOTICE OF MOTION**

**TO VACATE REMAND ORDER PURSUANT TO FRCP RULE 60(b)**

PLEASE TAKE NOTICE that upon the accompanying Affidavits of Desmond Lynch, the accompanying Memorandum of Law, the proposed Order, exhibits annexed hereto, and all prior pleadings and proceedings herein , Plaintiff- Movant , the undersigned , will move this Court, at the United States District Court, Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, NY 11201,for an Order pursuant to **Federal Rule of Civil Procedure 60(b)(3), 60(b)(4), and 60(b)(6) and Federal Rules of Civil Procedure** : and 28 U.S.C , 1447 (d), 445(a), and 1651:

1. **Vacating the Order of Remand** issued by Judge Rachael Kovner as void ab initio
2. **Re-establishing the Federal action** and restoring it to the docket;
3. **Recusing or removing by Court Order, disqualifying the Hon. Judge Kovner from further proceedings in this matter**
4. **Reassigning the case to a qualified and impartial Judge as originally intended when the case was assigned at the outset to the Honorable Judge Lindsay**
5. **Appointing a neutral Special Master under Fed. R. Civ. P. 53.**
6. **Ordering Disclosure of the identity of the court official(s) who reassigned this matter from the Honorable Arlene R. Lindsay to Judge Rachael Kovner, giving the appearance of judge shopping .**
7. **Granting the previously filed , yet apparently ignored and obstructed , Order to Show Cause with TRO , served , filed and submitted on or about June 30, 2025**
8. **Issuing a temporary Injunction and Staying of any proceedings or enforcement in** Nassau County District Court , LT Part , and enjoining and stay by Nassau County Sherrif , pending disposition of this motion and the subsequent Jury Trial.
9. **Granting , Movant -Plaintiff , permission to amend the case caption of defendants to include Michael Ershowsky Esq, personally and as a law firm , as a key accomplice in committing fraud upon the Court, amend as a co-defendants in the alleged interstate criminal enterprise and racket, alleged .**
10. And granting such other and further relief as this Court deems just and proper.

## II. FEDERAL JURISDICTION IS PROPERLY INVOKED

This case implicates serious constitutional issues under color of law and justifies removal and federal jurisdiction under §§ 1441 and 1443. The defendant's misconduct and the complicity of state judges acting outside lawful authority warrant federal adjudication.

## III. FRAUD EXCEPTION TOLLS ANY TIME LIMITATIONS

Where newly discovered evidence reveals continuing fraud upon the court, statutory deadlines are equitably tolled. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); U.S. v. Throckmorton, 98 U.S. 61 (1878); Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806 (1945).

## IV. RECUSAL OF JUDGE KOVNER IS REQUIRED

Given the issuance of a void order based on misrepresented facts and absent filings, Judge Kovner's impartiality is now reasonably questioned. Recusal is necessary to preserve judicial integrity and ensure a fair hearing or a So Ordered removal if not voluntarily done .

## V. MANDATORY DISQUALIFICATION WHERE VOLUNTARY RECUSAL IS REFUSED

In the event that Judge Rachel Kovner declines to voluntarily recuse herself, Plaintiff respectfully requests that the Court enter a mandatory, 'So Ordered' disqualification based on statutory and case authority. Under 28 U.S.C. § 455(a), a federal judge must recuse in any proceeding in which their impartiality might reasonably be questioned. Section 455(b) mandates disqualification for actual bias, prior involvement, financial interests, or improper relationships. Additionally, under 28 U.S.C. § 144, if a party submits a legally sufficient affidavit of personal bias or prejudice, the judge must step aside and the case reassigned.

Federal courts have enforced mandatory recusal under both provisions. In Berger v. United States, 255 U.S. 22 (1921), the Supreme Court upheld removal based on a sufficient affidavit under § 144. In In re United States, 666 F.2d 690 (1st Cir. 1981), the Court of Appeals issued a writ of mandamus to compel recusal. Similarly, in United States v. Microsoft Corp., 253 F.3d 34 (D.C. Cir. 2001), a district judge was removed sua sponte by appellate order under § 455 for comments to the press.

Where a judge fails to disqualify themselves despite reasonable grounds for doubt regarding impartiality, and especially where due process rights have already been compromised by unlawful orders, recusal becomes not only warranted but compulsory. Plaintiff reserves the right to seek relief before the United States Court of Appeals should this motion be denied and without a hearing on the question of impartiality and law re Federal Rule 60.

## CONCLUSION

For the foregoing reasons, the Court is asked and should vacate the remand order, grant the TRO and injunctive relief to prevent irreparable harm to the plaintiff , reaffirm its Jurisdictional and authority, and thereafter allow plaintiff's amendment of the complaint to include Michael Ershowsky accomplice as a co-defendant , recuse Judge Kovner or so Order her honorable removal , and restore this case to the federal docket for proper adjudication, jury trial and/ or settlement .

**PLEASE TAKE NOTICE that :**

- Opposition papers , if any , shall be served by overnight mail, and filed on or before July 24, 2025 ( seven (7) days after service , served on movant by overnight mail ).

- Movant shall have two (2) days from the date of receipt of any served opposition papers , if any, to serve and file reply or rebuttal ; defendant affidavit of service is required as proof of service it was served , upon this non-consenting party , nonconsenting to : ECF , fax or email , thus proof of service there was lawful service as required for a self-represented , Pro Se party, non-consenting to ECF,

- Defendant and any responding party must include an affidavit of service , verification of overnight delivery, and attorney affirmation where applicable, with its papers and filings .

Dated: July 17, 2025
Brooklyn, New York

Respectfully submitted,

Desmond Lynch , Pro Se, Plaintiff, Movant
970 Hillman Street, West Hempstead, NY 11552
516-591-2251 / email : dl@dlelynch.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------------------------------X

**Desmond Lynch,**

*Plaintiff,* **Federal Docket Case # 2:25-cv-03583-RPK-ARL**

v.

**Palm Avenue Hialeh Trust, JOHN OLSEN** (aka director and alleged kingpin of an interstate organized criminal enterprise and interstate racket),

*Defendants.*

----------------------------------------------------------------------------------------------------X

**TABLE OF CONTENTS**


| **Document Title / Section** | **Page** |
|---|---|
| Notice of Motion | i |
| Table of Contents | ii |
| Memorandum of Law | 1 |
| — Preliminary Statement | 1 |
| — Statement of Facts | X |
| — Legal Standards | X |
| Memorndum of Law in Further Support | X |
| — Argument | X |
| • Point I: Fraud Upon the Court Warrants Vacatur and Relief | X |
| • Point II: Emergency Injunctive Relief is Justified | X |
| • Point III: Jurisdiction and Removal Were Properly Asserted | X |
| • Point IV: The remand Order is void ab initio | X |
| • Conclusion | X |
| Affidavit of Desmond Lynch &Supplental Affdavit for Recusal | X |
| Exhibits | X |
| • Exhibit A Proof There was No Motion nade by Defendant to Remand | X |
| • Exhibit B Evidence of Judge Shopping Orchestrated + Background Fit of initial Assigned Judge Lindsay | X |
| • Exhibit C Respondent Complaint letter reporting Defendant's Crimnal Conduct in LT Court yet ignored by presiding Judges Christopher Coschgnano , bench trial Judge William Hohauser, and Supevisory Judge Tricia Ferrell , all were non- responsive infering complicity by failing to act | X |
| • Exhibit D Derrick M, Johnson assignee Affidavit with Standing of respondent Harold Leavitt LT matter 000059-22 & Plaintff in NY State Nassau County Supreme Court matter 000143-23 | X |
| Proposed Order | X |
| Affidavit / Certificate of Service | X |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

Desmond S. Lynch, Pro Se,

Plaintiff,

-against-

Palm Avenue Hialeah Trust, et al.,

Defendants.

------------------------------------------------------------------------------X

**Federal Docket Case # 2:25-cv-03583-RPK-ARL**

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE REMAND ORDER, GRANT TRO, AND FOR JUDICIAL RECUSAL -OR- A SO ORDERED JUDICIAL REMOVAL OF HON. JUDGE RACHAEL KOVNER

## PRELIMINARY STATEMENT

This action presents a case of first impression that arises under federal law, where Plaintiff seeks redress for fraud upon the court committed under color of law by the Defendants and its counsel, with the participation of judicial officers , alleged to have been enlisted in an ongoing interstate conspiracy. The fraudulent actions, constitutional violations, and denial of due process require the vacatur of a void remand order issued without jurisdiction, lawful service, or procedural integrity. This Court retains federal subject matter jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1443.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) allows for vacatur of judgments that are void for lack of jurisdiction , and violation of due process. 28 U.S.C. § 455 mandates recusal where impartiality might reasonably be questioned. Under 28 U.S.C. § 1443, federal courts can retain removed cases where defendants or plaintiffs are denied civil rights under state law.

## ARGUMENT

### I. THE REMAND ORDER IS VOID AND MUST BE VACATED

Judge Kovner's order to remand the case was entered in the absence of a filed motion to remand and without lawful service to Plaintiff. This constitutes a clear violation of due process, and any such order is void ab initio under Rule 60(b)(4).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE REMAND ORDER AND REQUEST FOR JUDICIAL RECUSAL OR SO ORDERED REMOVAL

### I. Furthermore added Introduction

Plaintiff Desmond Lynch respectfully submits this memorandum of law in support of his motion to vacate the remand order and to request so Ordered removal – disqualification or recusal of the presiding Judge Rachael P. Kovner , and reassignment to a neutral judicial officer and possible Special Master. The mistaken remand order is procedurally and constitutionally defective and reflects substantial judicial irregularities of particular concern within a case of first impressions under color of law, where alleged Judicial and government corruption, is caused and instigated by an out of state , alleged criminal enterprise and racket infiltrating the Courts by fraud,

### II. No Motion to Remand Was Served — Procedural Due Process Was Violated

Under **28 U.S.C. § 1447(c)**, any motion to remand must be filed and served. Plaintiff was never served with any such motion. This violates **FRCP 5(b)** and the bedrock due process standard set forth in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

### III. Sua Sponte Remand Without Motion Is Invalid

A federal court lacks authority to remand on procedural grounds without a motion. See *Pierpoint v. Barnes*, 94 F.3d 813, 817 (2d Cir. 1996). Where no motion exists, the remand is void and issued **ultra vires**.

## IV. The Rooker-Feldman Doctrine Does Not Apply

Rooker-Feldman only bars appellate review of final state judgments. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). Plaintiff's claims involve **independent civil rights violations and fraud**, not review of a final judgment.

## V. Appearance of Impropriety Warrants Recusal

The ruling reflects disregard for basic federal law and implicates an appearance of judicial bias. Federal judges must avoid even the **appearance of partiality**. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

Where a judge issues a ruling unsupported by motion, law, or fact, particularly in the context of a larger pattern of judicial misconduct involving this plaintiff, reassignment is warranted.

## VI. Relief Is Warranted Under Rule 60(b)(3), (4), and (6)

The order is procedurally void, obtained by misconduct, and issued under extraordinary circumstances. Vacatur Relief and Granting of a TRO and injunctive relief from LT enforcement is proper on multiple independent grounds and helps sustain the high and merited standards of The Federal Court to Protect all parties Constitutional Rights .

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------------X

Desmond S. Lynch, Pro Se, Federal Docket Case # 2:25-cv-03583-RPK-ARL

Plaintiff,

-against-

John Olsen, alleged king-pin , Palm Avenue Hialeah Trust, et al.,

Defendants.

-----------------------------------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF MOTION TO VACATE REMAND ORDER AND FOR SO ORDERED REMOVAL -OR – VOLUNTARY RECUSAL OF HON. JUDGE RACHAEL KOVNER**

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, Desmond S. Lynch, being duly sworn, depose and say:

1. I am the Plaintiff in the above-captioned action, proceeding pro se. I make this affidavit in support of my Motion to Vacate the unlawful Remand Order issued by Judge Rachel Kovner and to request her recusal from further proceedings in this case.

2. This matter presents a case of first impression involving violations of due process and fundamental fairness under color of law. The Defendant, through its counsel, has engaged in an ongoing interstate conspiracy involving multiple state court judges enlisted or corrupted to act in furtherance of a fraudulent scheme, thereby defrauding the courts and depriving me of constitutional protections.

3. The remand order issued by Judge Kovner was based on a non-existent motion to remand by the Defendant. No such motion was filed or served upon me. I have not consented to electronic filing (ECF) or email/fax service, and no affidavit of service was filed by Defendant's counsel.

4. As such, Judge Kovner's order is void ab initio under Federal Rule of Civil Procedure 60(b)(4), as it was issued in violation of due process and based on demonstrably false representations by Defendant's attorney.

5. This case arises under federal law and falls within the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1443. The actions taken by Defendant and judicial participants acting under color of law establish violations of constitutional rights, giving rise to removal under civil rights statutes and federal question jurisdiction.

6. The statutory deadline to remove or seek federal review has been tolled by application of the fraud exception doctrine. Newly discovered evidence continues to reveal systemic fraud, and ongoing constitutional violations justify equitable relief.

7. Federal courts have consistently held that fraud upon the court justifies vacatur, and equitable relief , at any time. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); U.S. v. Throckmorton, 98 U.S. 61 (1878); Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806 (1945).

8. I respectfully request that this Court: (a) vacate the remand order; (b) grant the pending TRO and Order to Show Cause; (c) grant leave to amend the complaint to add Michael Ershowsky, Esq. as a co-defendant; and (d) recuse Judge Kovner to preserve the appearance and actuality of impartial justice.

9. Judge Lindsay was ordinally assigned the case and based on her background is and seemed well fit to handle a case of first impressions , and color of law, where government and judicial corruption is alleged. Yet the case was transferred to Judge Rachael Kovner, who by her actions and misconduct her is disqualified, I seek to know who made that switch that appears now to be a judge shopping tactic to gain a false and unlawful ruling,

10. What is the name of the person or persons who caused that switch, as this inquiry is part of an ongoing investigation into government and judicial corruption infiltrated by the defendant , criminal king pin John Olsen spearheaded by accomplice Michael Ershowsky Esq.

11. I hereby swear to and attest to the evidence submitted, yet was obstructed by the bench Trial Judge William Hoahauser, who is an important part of the Defendants scheme and conspiracy to defraud the Courts,

12. WHEREFORE, I respectfully request that this Honorable Court grant the relief sought in my motion and such other and further relief as it deems just and proper.

Desmond S. Lynch
970 Hillman Street,
West Hempstead, NY 11552
516-591-2251/ dl@dlelynch.com

Dated: July 17, 2025
Sworn to before me this 17 day of July, 2025

Kevin Persaud
Notary Public, State of New York
Reg. No. 01PE0022725
Qualified in Nassau County
Commission Expires March 25, 2028

Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

Desmond S. Lynch, Pro Se, **Federal Docket Case # 2:25-cv-03583-RPK-ARL**

Plaintiff,

-against-

John Olsen alleged king-pin, Palm Avenue Hialeah Trust, et al.,

Defendants.

-------------------------------------------------------------------------------X

**SUPPLEMENTAL AFFIDAVIT OF BIAS IN SUPPORT OF MOTION TO VACATE REMAND ORDER AND FOR JUDICIAL RECUSAL OR SO ORDERED DISQUALIFACTION OF THE HON. JUDGE RACHAEL KOVNER**

(STATE OF NEW YORK

COUNTY OF NASSAU )

**I, Desmond S. Lynch, being duly sworn, depose and say:**

1. I am the Plaintiff in the above-captioned matter, appearing pro se. I submit this supplemental affidavit pursuant to 28 U.S.C. § 144, which requires disqualification where a party submits a legally sufficient affidavit, that the presiding judge has a personal bias , and likely or appearing likely m undisclosed conflict of interest, or prejudice.

2. The Honorable Judge Rachel Kovner issued a remand order based on purported filings and service that never occurred. There is no motion to remand filed by Defendant, and who enters the Court with Unclean Hands , by virtue of two lower court frauds upon the Court , using a standard MO. (Modius of Operandi) , the enlist the lower Court Judges, and provide fraudulent filings, that is now repeated and mirrored here in Federal Court , before Judge Kover and here apparent enlistment .

3. This MO ( modus operandi) includes and is repeated here now in federal Court , by no lawful service of the alleged motion affirmed by Judge Kovner in here Order and Judgement papers , nor any such document existing in the docket , as required under FRCP 5 and local rules as . I am not a consenting participant in ECF.

3. The remand order misstates the procedural history and falsely affirms facts not in the record, suggesting improper bias, or at minimum, a predisposition against me as a pro se litigant challenging state and judicial misconduct where she has kin sip and affinity with the Defendants, if not political, religious, and financial affiliation and mutual , common interest,

4. Judge Kovner failed to adjudicate or acknowledge my previously submitted and pending Order to Show Cause and TRO application, and instead issued here own cross motion , and remanded the case sua sponte, in reliance on false premises, further prejudicing my rights without proper notice or a hearing.

5. The pattern of disregard for due process, misstatement of the record, and refusal to engage with pending emergency filings, demonstrates personal animus, bias, or at the very least, a perception of unfairness sufficient to trigger mandatory disqualification under 28 U.S.C. §§ 144 and 455(a).

6. A reasonable person observing the above would conclude that Judge Kovner's impartiality might reasonably be questioned, especially in light of her judicial authority being applied to aid and insulate fraudulent proceedings that I have alleged and documented in both state and federal courts.

7. To make matters worse, it appears that Judge Kovner is disqualified by apparent prejudice, temperament, and bias. Evidence suggests she may have been strategically inserted into this case through judicial 'forum shopping' orchestrated by Kingpin John Olsen and his alleged criminal accomplice and legal spearhead, Michael Ershowsky, Esq. The circumstances raise serious concern that Judge Kovner was improperly assigned or substituted into this matter, subordinating or replacing the originally assigned judge, the Hon. Judge Lindsay, without public explanation. Judge Lindsay, based on judicial experience and impartial posture, appeared fit to preside over a complex matter involving judicial corruption, abuse under color of law, and a case of first impression. The unexplained adjustment, and reassignment, raises further questions about undue influence and procedural manipulation given this is a case of interstate criminal conspiracy including frauds by the defeat upon the Courts, and judge infiltration and enlistment into the corruption by the defendant . .

WHEREFORE, I respectfully request that Judge Rachel Kovner voluntarily recuse or be so Ordered disqualified from this matter, and that this Court grant the accompanying motion to vacate the remand order , and proceed under federal jurisdiction with a reassigned and impartial judge fir a Jury Trial and/ or settlement .

Desmond S. Lynch
Dated: July 17, 2025

Sworn to before me this 17 day of July, 2025

_____ Notary Public

Kevin Persaud
Notary Public, State of New York
Reg. No. 01PE0022725
Qualified in Nassau County
Commission Expires March 25, 2028

**EXHIBITS**

Exhibit A Proof There was No Motion by Defendant to Remand , therefore there can be no valid Order to Remand

Exhibit B Evidence of Judge Shopping Orchestrated + Background Fit of initial Assigned Judge Lindsay replaced or supplemented without reason or stated cause

Exhibit C Respondent Complaint letter reporting Defendant's Criminal Conduct in LT Court yet ignored by presiding Judges Christopher Coschgnano , bench trial Judge William Hohauser, and Supervisory Judge Tricia Ferrell , all were non-responsive inferring complicity by failure to act

Exhibit D Derrick M, Johnson assignee Affidavit , with Standing of respondent Harold Leavitt in LT matter 000059-22 & is Plaintiff in the NY State Supreme Court matter 000143-23

# Exhibit A

Proof there was No Motion by Defendant to Remand , therefore there can be no valid Order to Remand

No Defense Motion was ever made as falsely stated by Judge Kovner ; also no defense motion was ever served on Plaintiff,

THEREFIORE, the letter , nor any imagined defense motion is admissible; there can be no

Remand to district court, without , a motion to remand, though the presiding Judge Rachael

P. Kovner imagined there was, ( see below) and the rafter made an invalid Order and Judgement, based on the imagined defense motion , that does not exist.

See next page from the Judges Order claiming there was a Defense Motion to remand.

*City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). For a claim to be barred under *Rooker-Feldman*, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

All elements are met here. Mr. Lynch alleges that, prior to the filing of his federal complaint, the state court entered a judgment divesting him of possession and granting a warrant for his eviction. Not. of Removal & Compl. 3, 11–12; *see also* Palm Avenue Opp'n 3. In this action, he challenges the validity of that judgment and explicitly seeks to vacate it and enjoin his eviction. *See* Not. of Removal & Compl. 11; *see also* Mot. for TRO & Prelim. Inj. Accordingly, the *Rooker-Feldman* doctrine bars this action. *See, e.g.*, *Kalamas*, 2010 WL 4811894, at *5–6 (remanding challenge to judgment entered in holdover proceeding under *Rooker-Feldman*); *Sadiq v. Vitacco*, No. 22-CV-1064 (RPK) (TAM), 2022 WL 17177789, at *2 (E.D.N.Y. Nov. 23, 2022) (remanding challenge to judgment entered in foreclosure proceeding under *Rooker-Feldman*).

* * *

For the foregoing reasons, to the extent Mr. Lynch sought to remove the state court proceeding, Palm Avenue's motion to remand is granted and the action is remanded to the District Court of Nassau County. To the extent Mr. Lynch sought to file an original federal action in this court, the action is dismissed for lack of subject-matter jurisdiction. Because Mr. Lynch has not

CASREF,DECLINED-CONSENT,MJI,NPROSE

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:25-cv-03583-RPK-ARL

Lynch v. Palm Avenue Hialeh Trust
Assigned to: Judge Rachel P. Kovner
Referred to: Magistrate Judge Arlene R. Lindsay
Case in other court: District Court of Nassau County, L & T Part, 00-00059-22
Cause: 23:1441 Contract Real Estate

Date Filed: 06/26/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Desmond Lynch**

represented by **Desmond Lynch**
970 Hillman Street
West Hempstead, NY 11552
516-591-2251
PRO SE

V.

**Defendant**

**Palm Avenue Hialeh Trust**

**Defendant**

**John Olsen**
*In his personal name as well as capacity as director, of Palm Avenue Hialeh Trust, (aka Alleged director and King-pin in a criminal enterprise, and head of an interstate organized interstate racket and criminal enmity)*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2025 | 1 | NOTICE OF REMOVAL by Desmond Lynch from District Court of Nassau County, Landlord-Tenant Part, case number 0000-59-22. Disclosure Statement on Civil Cover Sheet completed -No, (Attachments: # 1 Civil Cover Sheet) (DC) (Entered: 06/27/2025) |
| 06/26/2025 | 2 | FILING FEE: $ 405.00, receipt number 1000021571 (DC) (Entered: 06/27/2025) |
| 06/27/2025 | 3 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case as part of a Pilot Program, governed by EDNY Administrative Order 2023-23. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a |


AMICO
Garden City

| | | | |
|---|---|---|---|
| | | | (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2023-23, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2023-23 and other materials related to the Pilot Program on the Courts website: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. (DC) (Entered: 06/27/2025) |
| 06/30/2025 | | 4 | Letter *in Opposition to Application for Stay* by Palm Avenue Hialeh Trust. Related Document(s): 5 Motion for Order to Stay Cause. (Ershowsky, Michael) (Entered: 06/30/2025) |
| 06/30/2025 | | 5 | MOTION for Order to Show Cause *for a Preliminary Injunction and Temporary Restraining Order.* Filed by Desmond Lynch. (HM) (Entered: 06/30/2025) |
| 06/30/2025 | | | NOTICE to Assign District Judge: The Clerk of Court is directed to reassign this case to a district judge. c/ecf (RI) (Entered: 06/30/2025) |
| 07/01/2025 | | | Case Reassigned to Judge Rachel P. Kovner and Magistrate Judge Arlene R. Lindsay. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (KS) (Entered: 07/01/2025) |

**dl@dlelynch.com**

**From:** Michael Ershowsky <michael@evlawpllc.com>
**Sent:** Monday, June 30, 2025 11:54 AM
**To:** dl@dlelynch.com
**Subject:** Re: DL , FEDERAL, NOTICE OF ORDER TO SHOW , MICHAEL ERSHOWSKY ESQ
**Attachments:** Palm Letter to Judge ARL - June 30 2025.pdf

This was filed on ECF. * ← → Never Served

On Sun, Jun 29, 2025 at 11:10 AM <dl@dlelynch.com> wrote:

FEDERAL NOTICE OF ORDER TO SHOW , MICHAEL ERSHOWSKY ESQ

APPEAR as you may Choose , Monday 11;40 am June 30th, 11: am

Notice also Faxed to you at 516-531-2551

*** Not Served. Never Served . emailing , nor ECF is not Service (To a non-consenting , pro se, self- represented party , and therefore, the letter ( not a motion) is not admissible either, together Voids the Order of Judge Kovner. )

--
Michael B. Ershowsky, Esq.
ERSHOWSKY VERSTANDIG PLLC
290 Central Avenue, Suite 109
Lawrence, New York 11559
Direct: 516.400.7162

California Residents Only - CFPB 1006.6 COMMUNICATIONS DISCLOSURE: Please be advised that this office is acting as a debt collector attempting to collect a debt. Any information obtained may be used for that purpose. If you no longer wish to receive further communications, please reply to this email with the word "STOP" in the subject line. "This disclosure's effective date is 01/01/2025."

# Exhibit B

Evidence of Judge Shopping Orchestrated + Background Fit of initial Assigned Judge Lindsay

CASREF,DECLINED-CONSENT,MJI,NPROSE

**U.S. District Court**
**Eastern District of New York (Central Islip)**
**CIVIL DOCKET FOR CASE #: 2:25-cv-03583-RPK-ARL**

Lynch v. Palm Avenue Hialeh Trust
Assigned to: Judge Rachel P. Kovner
Referred to: Magistrate Judge Arlene R. Lindsay
Case in other court: District Court of Nassau County, L & T Part, 00-00059-22
Cause: 23:1441 Contract Real Estate

Date Filed: 06/26/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Desmond Lynch**

represented by **Desmond Lynch**
970 Hillman Street
West Hempstead, NY 11552
516-591-2251
PRO SE

V.

**Defendant**

**Palm Avenue Hialeh Trust**

**Defendant**

**John Olsen**
*In his personal name as well as capacity as director, of Palm Avenue Hialeh Trust, (aka Alleged director and King-pin in a criminal enterprise, and head of an interstate organized interstate racket and criminal enmity)*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2025 | 1 | NOTICE OF REMOVAL by Desmond Lynch from District Court of Nassau County, Landlord-Tenant Part, case number 0000-59-22. Disclosure Statement on Civil Cover Sheet completed -No, (Attachments: # 1 Civil Cover Sheet) (DC) (Entered: 06/27/2025) |
| 06/26/2025 | 2 | FILING FEE: $ 405.00, receipt number 1000021571 (DC) (Entered: 06/27/2025) |
| 06/27/2025 | 3 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case as part of a Pilot Program, governed by EDNY Administrative Order 2023-23. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a |

| | | |
|---|---|---|
| | | (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2023-23, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2023-23 and other materials related to the Pilot Program on the Courts website: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. (DC) (Entered: 06/27/2025) |
| 06/30/2025 | 4 | Letter *in Opposition to Application for Stay* by Palm Avenue Hialeh Trust. Related Document(s): 5 Motion for Order to Stay Cause. (Ershowsky, Michael) (Entered: 06/30/2025) |
| 06/30/2025 | 5 | MOTION for Order to Show Cause *for a Preliminary Injunction and Temporary Restraining Order.* Filed by Desmond Lynch. (HM) (Entered: 06/30/2025) |
| 06/30/2025 | | NOTICE to Assign District Judge: The Clerk of Court is directed to reassign this case to a district judge. c/ecf (RI) (Entered: 06/30/2025) |
| 07/01/2025 | | Case Reassigned to Judge Rachel P. Kovner and Magistrate Judge Arlene R. Lindsay. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (KS) (Entered: 07/01/2025) |

# Exhibit C

## C1:

Respondent Complaint letter reporting Defendant's Criminal Conduct in LT Court yet ignored by presiding Judges Christopher Coschignano , bench trial Judge William Hohauser, and Supervisory Judge Tricia Ferrell , all were non-responsive inferring complicity by failure to act

## C2:

Sworn to Answer to The LT Matter 000059-22

# C1:

Respondent Complaint letter reporting Defendant's Criminal Conduct in LT Court yet ignored by presiding Judges Christopher Coschignano , bench trial Judge William Hohauser, and Supervisory Judge Tricia Ferrell , all were non-responsive inferring complicity by failure to act

Desmond Lynch
970 Hillman Street
West Hempstead, NY 11552
February 22, 2023

Hon William Hauser
99 Main Street
Hempstead, NY 11550

RE: LT -000059-22/ NA
COMPLAINT by RESPONDENT Regarding
Misconduct of Petitioner , Petitioner's Agent, and Petitioner's Counselor of Record

**Dear Honorable Judge :**

**I am seeking your intervention regarding the Conduct of the Petitioner against me, my attorney Adam Moser, and acts observed against Respondent/ Assignee CN Capital Management Group's attorney Doug Thomas.**

As you know the last hearing was December 2nd , 2022 ( see docket of hearing dates **Exhibit A)** and we are heading to trial on February 27, 2023 ..

**Here's The Central Problem and Complaints Here Brought to Your Attention**

**#1 Threats of Physical Violence Made by the Petitioner**

(a) When I met with my attorney Adam Moser after the December 2nd hearing in our meeting he mentioned that the representative for Palm Ave Hialeah Trust who came to Court with its attorney Ross Eisenberg of Eisenberg Law PC , called him at his Office a week or so after the Court, stating with a veiled threat of violence to settle the matter, saying " I know where you live ". Mr. Moser laughed off the veiled threat , yet it is not funny since the same gentleman has called me sa few times prior to that boasting that stating he has been to jail, and that he's not to be messed with , making a similar implied threat of violence unless I vacate the premises where I lawfully live under an intact lease agreement Palm Ave Hialeh Trust bought the property subject to , located at 970 Hillman Street, West Hempstead, NY, and is accepting lease payments.

**#2 Petitioner Attorney Ross Eisenberg Esq, attempted to offer a veiled Bribe ( $24,000) to The Respondents Attorney, Doug Thomas , who rejected it**

At the hearing on December 2nd , 2022 and the one prior to that , Ross Eisenberg Esq for the Petitioner , stated in the hall way , he want to give the accepted lease payments to Doug Thomas, and tapped is pocket , and said I have it right here for you. That is a veiled attempt to bribe Doug Thomas , and/ or bamboozle him , as by returning the lease payments (about $24,000 held in his breast pocket) could void the lease contract that Palm Ave Hialeh Trust is bound to and protects my right to be in the property . The Petitioner's conduct is consistent with the central problem of Misconduct and improper Petitioner conduct cited here.



RECEIVED
MAR 6 2023
DISTRICT COURT - CIVIL TERM
99 MAIN STREET, HEMPSTEAD NY 11550

**#3 Failure to Record the Hearing and Notices of Appearance on the Record**

At the December 2nd, 2022 hearing the oral Notices of Appearance the statements on the record, were not made ; as I attempted to order the transcript and the requested was noted " No Recordings " .( Exhibit B) , That is significant because as I listen carefully Ross Eisenberg PC is the attorney of record, yet he went on the record falsely affirming appearance as Hisbani and Light PC. The record is not recorded , while there is no notice of appearance in the file for Doug Thomas representing the CN Capital Management Group , *the assignee and the master* lease holder with sublease rights agreed to . **(Exhibit B)** .

**#4 The Petitioner's Attorney Defaulted in its Appearance on December 2nd 2022 as it appeared as another Law Firm that is not the Attorney of Recird**

The attorney of record ( Ross Eisenberg Law PC ( as sperate firm who has taken the case over) not Hisbani and Light PC who went on the record on December 16 2022 ( I am an eye witness and who noted the error to my attorney Adam Moser that day and now noted to you as Presiding Judge you back then and now again). Hisbani and Light PC *is not the Attorney of record* for the Petitioner though sworn to on the record in the attorney affirmation ; most significantly the deleted / omitted recording, appears to be covering up and conceals the material fact cited and gives the appearance of improper Judicial conduct . This discrepancy is mentioned because the agent of Palm Ave Hialeh Trust in court with Ross Eisenberg Esq on December 16th, in the hallway was bragging to me that they have people in the Court to fix things for them and I should just leave the property.

- Thus , the case is to be dismissed for Court room error ,Petitioner law office failure , and the attorneys for the petitioner sanctioned and fined .

(See **Exhibit C** Notice of Appearance for **Ross Eisenberg Esq** ) . the record , on December 2nd , 2022, is significant in a different way as it suggest there my be corruption and comprise occurring between the Pettion and parties within the Court to conceal and not to reflect the error of Ross Eisenberg's false appearance .

**#5 Bragging Of Court Corruption by Petitioner's representative who Brags he has a Criminal Background and suffered Prison time and is a tough guy from his Crimes, so you better watch out he says**

On December 2nd , 2022 the Petitioner's representative accompanying Ross Eisenberg Esq was overheard by me stating to Ross Eisenberg Esq, saying not to worry about anything since the company ( Palm Ave Hialeh Trust) has Judge's in the Nassau County Court who help it, and in effect the fix is in as he has some Judges here in their pocket, (ii) This I observed and overheard, and is consistent with the character of professed criminality the representative bragged to me about on the phone to attempt to coerce me to leave the property under an implied threat of violence (iii) his statement of corruption in the court, under their corporate control is consistent to the veiled threat of violence made on my attorney, Adam Moser Esq , when he was called

after the hearing of December 2nd , 2022. And (iv) it is consistent with the veiled attempt to bribe and/or bamboozle the other respondent's attorney , Doug Thomas Esq with money ($24,000) " right here in my pocket" as Ross Eisenberg Esq stated in the Court hall way, " can I give it to you now ?" . Doug Thomas replied " no, I don't know enough about the case . No"

This is alarming and relevant now because the failure to record of the statements of attorney appearance. by

**Significance in the Court/ Evidence that the Petitioner's representative with his Threats , and Bragging are not empty threats nor void, given its professed and bragged about criminal background and imprisonment it is proud of**

**CONCLUSION:**

Thank you for following up on this Complaint as I am concerned by what I am observing and witnessing here inside and outside the Court. I ask the Court to use its Good offices to cleanse this situation and encourage and support an financial settlement with the Petitioner that I have asked my Counselor to pursue with it and the Assignee's Counsel . A financial settlement given to the adversary Petitioner is asked , with whatever assistance you can provide .

- The alternative is that the case defects are so significant as it should be dismissed for Law office Failure and Court process and procedure failure ( failure to record to the record key evidence of attorney and law office misconduct )

The conduct of the Petitioner makes it appear that this *is not a fair fight, given all we know , suspect, and is recorded here , so let's make an earnest effort to remove this matter from the Court as it is frivolous, and a repeat offense that Mr. Eisenberg has previously been fined and sanctioned for misconduct ( See Private Capital Corp V Connor ). Thank you in advance for your kind attention to this and the interest of Justice to Protect.*

**Respectfully,**

*Desmond*

Desmond Lynch

cc. Doug Thomas Esq
for CN Capital Management Corp
Ross Eisenberg Esq, LLC
For Palm Ave Hialeh Trust
& Hasbani & Light PC
Adam Moser Esq.
Chief Administrative Judge

UNITED STATES POSTAL SERVICE

CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to: HARBANI + Light PC
Address: Palm Ave. High Land TR
JAN Rent

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 27087610162 | 2021-01-15 | 115522 | $1,000.00 | 03 |

UNITED STATES POSTAL SERVICE

POSTAL MONEY ORDER

Serial Number 27087610162

U.S. Dollars and Cents $1000.00

One Thousand Dollars and 00/100 *****************

Clerk 03

Pay to: HARBANI Light
Address: Palm Av.
High land
Memo: JAN Rent 2021

Harold Leavitt, Hilman St, Hempstead, NY.

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆000008002⑆ 27087610162⑈

UNITED STATES POSTAL SERVICE®

CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to: HARBANI & Light PC FOR
Address: Palm Ave. Hightech TR
JAN. Rent

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 27087610184 | 2021-01-15 | 115522 | $200.00 | 03 |

UNITED STATES POSTAL SERVICE

POSTAL MONEY ORDER

Serial Number 27087610184

2021-01-15 115522

U.S. Dollars and Cents $200.00

Two Hundred Dollars and 00/100 *****************

Clerk 03

Pay to: HARBANI + Light
Address: Palm Ct
Highland TR
Memo: Rent 2021

Harold Leavitt, Hilman St, Hempstead N.Y. 11550

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆000008002⑆ 27087610184⑈

#1 Lease/ rent payment for January 2021


UNITED STATES POSTAL SERVICE

POSTAL MONEY ORDER

Serial Number 27087610162

U.S. Dollars and Cents

$1000.00

One Thousand Dollars and 00/100

Clerk 03

Pay to

Address

Memo

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

:000000800 21: 27087610162


UNITED STATES POSTAL SERVICE

POSTAL MONEY ORDER

Serial Number 27087610184

U.S. Dollars and Cents

$200.00

Two Hundred Dollars and 00/100

Clerk 03

Pay to

Address

Memo

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

:000000800 21: 27087610184

UNITED STATES POSTAL SERVICE

CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to HASBANI + Light PC

Address Palm Ave. Highlight TP

JAN Rent

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
| --- | --- | --- | --- | --- |
| 27087610162 | 2021-01-15 | 115522 | $1,000.00 | 03 |

UNITED STATES POSTAL SERVICE

POSTAL MONEY ORDER

Serial Number 27087610162

2021-01-15 115522

U.S. Dollars and Cents $1000.00

One Thousand Dollars and 00/100 ****************

Pay to Hasbani Light

Address Palm Av. Ct Hi Light

Memo Jan' Rent 2021

Harold Leavitt

Hoffman St

West Hempstead, NY.

Clerk 03

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆000008002⑆ 27087610162⑈

UNITED STATES POSTAL SERVICE

CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to HASBANI & Light PC FOR

Address Palm Ave. Hightech TR.

Jan. Rent

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
| --- | --- | --- | --- | --- |
| 27087610184 | 2021-01-15 | 115522 | $200.00 | 03 |

UNITED STATES POSTAL SERVICE

POSTAL MONEY ORDER

Serial Number 27087610184

2021-01-15 115522

U.S. Dollars and Cents $200.00

Two Hundred Dollars and 00/100 ****************

Pay to Hasbani + Light

Address Palm Ct Hi Light TR.

Memo Rent 2021

Harold Leavitt

Hoffman St.

West Hempstead N.Y. 11552

Clerk 03

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

⑆000008002⑆ 27087610184⑈

#2 Your Notice as evidence of Harassment

# NOTICE TO QUIT

Re: 970 Hillman Street West Hempstead N.Y. 11552

To: **DESMOND LYNCH; JESSIE SCOTT A/K/A SCOTT JESSIE; HAROLD LEAVITT; JAHAN SARIM A/K/A SARIM JAHAN; KRYSTAL SCUDDER AND "JOHN DOE" AND "JANE DOE"**

YOU ARE HEREBY NOTIFIED THAT Palm Avenue Hialeah Trust, a Delaware Statutory Trust, for and on behalf and solely with respect to Palm Avenue Hialeah Trust, Series 2014-1 HAS ACQUIRED OWNERSHIP OF THE PREMISES:

970 Hillman Street West Hempstead N.Y. 11552

PURSUANT TO THE ANNEXED REFEREE'S DEED WHICH HAS BEEN DULY DELIVERED TO:

Palm Avenue Hialeah Trust, a Delaware Statutory Trust, for and on behalf and solely with respect to Palm Avenue Hialeah Trust, Series 2014-1

YOU ARE HEREBY NOTIFIED THAT YOU MUST VACATE THE PREMISES:

970 Hillman Street West Hempstead N.Y. 11552

BY: January 29 2021 OR COURT PROCEEDINGS WILL BE INSTITUTED AGAINST YOU.

Dated: December 28, 2020
New York, New York

By: [signature]
John Olson, *member*

**Hasbani & Light P.C.**
*Attorneys for Palm Ave. Hialeah Trust*
450 7TH Ave. Suite 1408
New York, New York 10123
Tel: 212-643-6677

# **** Electronically Filed Document ****

Instrument Number: 2020-62401

| | | | |
|---|---|---|---|
| Recorded As: | EX-D01 - RESIDENTIAL | | |
| Recorded On: | July 15, 2020 | | |
| Recorded At: | 03:11:01 pm | Receipt Number: | 1911194 |
| Number of Pages: | 3 | Processed By: | 001 MC |
| Book-VI/Pg: | Bk-D VI-13953 Pg-851 | | |
| Total Rec Fee(s): | $2,285.00 | | |

** Examined and Charged as Follows **

| | | | | | |
|---|---|---|---|---|---|
| 01 - RESIDENTIAL DEED | $ 65.00 | EX-Blocks - Deeds - $300 | $ 300.00 | EX-DN - DEED NOTIFICATION | $ 10.00 |
| EX-RP5217 Residential Fee | $ 125.00 | EX-TP-584 Affidavit Fee | $ 5.00 | | |

| | Tax Amount | Consid Amt | RS#/CS# | | |
|---|---|---|---|---|---|
| Tax-Transfer HEMPSTEAD | $ 1800.00 | $ 450000.00 | RE 22880 | Basic | $ 0.00 |
| | | | | Local NY CITY | $ 0.00 |
| | | | | Additional MTA | $ 0.00 |
| | | | | Spec ASST | $ 0.00 |
| | | | | Spec ADDL SONYMA | $ 0.00 |
| | | | | Transfer | $ 1800.00 |

Tax Charge: $ 1800.00

Property Information:

| Section | Block | Lot | Unit | Town Name |
|---|---|---|---|---|
| 35 | 454 | 110 | | HEMPSTEAD |
| 35 | 454 | 110 | | HEMPSTEAD |

************THIS PAGE IS PART OF THE INSTRUMENT ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

Maureen O'Connell

County Clerk Maureen O'Connell

# REFEREE'S DEED IN FORECLOSURE

This Deed, made ~~December~~ March 9, ~~2019~~ 2020

BETWEEN Guilia Palermo, Esq., Referee, 151 N. Main Street, Suite 407, New City N.Y. 10956, Grantor, and

Palm Avenue Hialeah Trust, a Delaware Statutory Trust, for and on behalf and solely with respect to Palm Avenue Hialeah Trust Series 2014-1, 1900 Sunset Harbour Dr. 2[nd] Floor, Miami Beach, Florida 33139, Grantee,

WITNESSETH that the grantor, the referee appointed in an action between FICUS INVESTMENTS LLC, Plaintiff and DESMOND LYNCH, et al., Defendants under Index No. 10477/2004 in the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NASSAU foreclosing a mortgage recorded in the Office of the County Clerk of the County of Nassau on April 6, 2001, in Liber Book M20885 Page 338, and a mortgage recorded in the Office of the County Clerk of the County of Nassau on January 7, 2003, in Liber Book M23387 Page 342 consolidated by way of a Consolidation, Extension and Modification Agreement recorded in the Office of the County Clerk of the County of Nassau on January 7, 2003, in Liber M23387 Page 360 in pursuance of a judgment entered in the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NASSAU on August 16, 2005 and in consideration of $1,000.00 Dollars paid by the grantee, being the highest sum bid at the sale held on November 26, 2019 under the judgment, does hereby grant and convey unto the grantee

Said premises known as and by the street address: 970 Hillman Street, West Hempstead New York 11552 35-454-110

SEE SCHEDULE "A" ANNEXED HERETO AND MADE A PART HEREOF.

TO HAVE AND TO HOLD the premises granted unto the grantee PALM AVENUE HIALEAH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEAH TRUST SERIES 2014-1, its assigns forever. Whenever the text requires, the singular number herein shall include the plural and all genders.

IN WITNESS WHEREOF, the grantor has set his hand and seal, the date first above written.

[signature]
Guilia Palermo, Esq.
Referee

STATE OF NEW YORK
COUNTY OF ROCKLAND

On the 9 day of ~~December~~ March in the year ~~2019~~ 2020, before me, the undersigned, a notary public in and for said State, personally appeared Guilia Palermo, Esq. personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s), acted executed the instrument.

[signature]
Notary Public

PATRICIA L. SCOBEY
NOTARY PUBLIC STATE OF NEW YORK
QUALIFIED IN ROCKLAND COUNTY
NO. 01SC6233869
COMMISSION EXPIRES JANUARY 3, 20 23

Patricia L. Scobey
Notary Public, State of New York
Qualified in Rockland County
No. 01SC6233869
Commission Expires January 03, 2023

Patricia L Scobey
#01SC6233869
01/03/2023

WEB TITLE

500-A Canal View Boulevard, Rochester, NY 14623 P: (585-250-9056 / F: 585-250-9057) www.webtitle.us

Title No.: WTA-15-006405

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at Lakeview, Town of Hempstead, County of Nassau and State of New York, which said plot is a part of Block "K" on a certain map entitled, "Third Amended Map of Second Amended Map of Hampton Gardens, surveyed for Hempstead Lake Park Homes by Carleton Bausch, dated August 29, 1932" and filed in the Nassau County Clerk's Office on September 27, 1932 under the file No. 1163 case No. 3025 which said plot is more particularly bounded and described as follows:

BEGINNING at a point on the northwesterly side of Hillman Street, distant 120.14 feet southwesterly from the corner formed by the intersection of the southerly side of Carol Street with the northwesterly side of Hillman Street;

RUNNING THENCE along the said northwesterly side of Hillman Street South 44 degrees 35 minutes West 184.67 feet;

THENCE North 79 degrees 14 minutes 30 seconds West 58.65 feet;

THENCE North 10 degrees 45 minutes 30 seconds East 112.00 feet;

THENCE South 79 degrees 14 minutes 30 seconds East 188.34 feet to the northwesterly side of Hillman Street, to the point or place of BEGINNING.

Premises: 970 Hillman Street, West Hempstead, NY 11552
Tax Map/Parcel ID No.: Section: 35 Block: 464 Lot: 110

STATE OF NEW YORK
COUNTY OF NASSAU
COUNTY CLERK'S OFFICE

I MAUREEN O'CONNELL, County Clerk of the County of Nassau and the Supreme and County Courts, Courts of Record thereof,
DO HEREBY CERTIFY, that I have compared the annexed with the original

DEED: 13953 PAGE(S): 851

FILED AND ENTERED in my office 7/15/2020 and the same is a true transcript thereof and of the whole of such original.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the official seal of said County at Mineola, N.Y.

on this 24th day of December 2020.

THE SEAL OF NASSAU COUNTY STATE OF NEW YORK

Maureen O'Connell
County Clerk

**#3 Copy of my lease resent here and supplied again herein**

A-34 — House lease, plain English format, furnished or unfurnished ... brokerage cl., guaranty. 1-04 www.blumberg.com

# LEASE AGREEMENT

The Landlord and Tenant agree to lease the Premises at the Rent and for the Term stated on these terms:

LANDLORD: Desmond Lynch

970 Hillman Street, West Hempstead, NY 11552

Address for Notices

Same As Above

TENANT: Harold Leavitt, nominees and/or assigns

Premises: 970 Hillman Street, West Hempstead, NY 11552

| | | | |
|---|---|---|---|
| Lease date: 01/01/2000 | Term 30 YEARS<br>beginning 01/01/2000<br>ending 12/31/2030 | Yearly Rent<br>Monthly Rent<br>Security | $ 9,600.00<br>$ 800.00<br>$ 1,600.00 |

1. Use

[redacted]

2. Failure to give possession

Landlord shall not be liable for failure to give Tenant possession of the Premises on the beginning date of the Term. Rent shall be payable as of the beginning of the Term unless Landlord is unable to give possession. In that case rent shall be payable when possession is available. Landlord will notify Tenant as to the date possession is available. The ending date of the Term will not change.

3. Rent, added rent

The rent payment for each month must be paid on the first day of that month at Landlord's Address above. Landlord need not give notice to pay the rent. Rent must be paid in full and no amount subtracted from it. The first month's rent is to be paid when Tenant signs this Lease. Tenant may be required to pay other charges to Landlord under the terms of this Lease. They are to be called "added rent." This added rent is payable as rent, together with the next monthly rent due. If Tenant fails to pay the added rent on time, Landlord shall have the same rights against Tenant as if it were a failure to pay rent.

The whole amount of rent is due and payable when this Lease is effective. Payment of rent in installments is for Tenant's convenience only. If Tenant defaults, Landlord may give notice to Tenant that Tenant may no longer pay rent in installments. The entire rent for the remaining part of the Term will then be due and payable.

4. Notices

Any bill, statement or notice must be in writing and delivered or mailed to the Tenant at the Premises and to the Landlord at the Address for Notices. It will be considered delivered on the day mailed or if not mailed, when left at the proper address. Any notice must be sent by certified mail. Landlord must send Tenant written notice if Landlord changes the Address for Notices.

5. Security

Tenant has given Security to Landlord in the amount stated above. If Tenant fully complies with all the terms of this Lease, Landlord will return the security after the Term ends. If Tenant does not fully comply with the terms of this Lease, Landlord may use the Security to pay amounts owed by Tenant, including damages. If Landlord sells the Premises, Landlord may give the Security to the buyer. Tenant will look only to the buyer for the return of the Security.

6. Utilities and services

[redacted]

[redacted]

7. Furnishings

If the Premises are furnished, the furniture and other furnishings are accepted "as is." If an inventory is supplied each party shall have a signed copy.

8. Repairs, alterations

Tenant must keep, and at the end of the Term return the Premises and all appliances, equipment, furniture, furnishings and other personal property clean and in good order and repair. Tenant is not responsible for ordinary wear and damage by the elements. If Tenant defaults, Landlord has the right to make repairs and charge Tenant the cost. The cost will be added rent. [redacted]

9. Space "as is"

Tenant has inspected the Premises. Tenant states that they are in good order and repair and takes the Premises "as is."

*If no broker, insert "None."* **Add other utilities and services, if any.*

10. Care of Premi[illegible]rounds

[redacted]

11. Fire, damage

[redacted]

12. Liability

[redacted]

13. Landlord's consent

[redacted]

14. Assignment, sublet

[redacted]

15. Landlord may enter, keys, signs

[redacted]

16. Subordination

[redacted]

17. Condemnation

[redacted]

18. Compliance with authorities

[redacted]

19. Tenant's defaults and Landlord's remedies

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

20. Bankruptcy

[redacted]

21. Correcting tenant's default

[redacted]

# GUARANTY OF PAYMENT

[redacted]

State of New York
County of NASSAU } ss.:

On 12/30/1999 before me, the undersigned, personally appeared DESMOND LYNCH

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

[signature]

*(signature and office of individual taking acknowledgment)*

PAUL G. WOOD
Notary Public, State of New York
No. 02WO4624126
Qualified in Nassau County
Commission Expires September 30, 2002

State of NEW YORK
County of NASSAU } ss.:

On 12/30/1999 before me, the undersigned, personally appeared HAROLD LEAVITT

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

[signature]

*(signature and office of individual taking acknowledgment)*

PAUL G. WOOD
Notary Public, State of New York
No. 02WO4624126
Qualified in Nassau County
Commission Expires September 30, 2002

Desmond Lynch Landlord,

TO

Harold Leavitt Tenant.

# Lease

Apartment 1st Floor

at 970 Hillman St. W. Hempstead NY 11552

Term Begins 1/1/2000

Term Ends 12/31/2030

Term rent $288,000, Monthly rent $800

P 487 — Option to buy real estate, plain English format 11-88 © 1988 by BlumbergExcelsior, Inc. Publisher NYC 10013

(5)

# Option Contract to Buy Real Estate

Date 01/01/2000

**Parties**

Seller and Purchaser agree as follows:

Seller

address:

Purchaser Harold Leavitt, nominees and/or assigns

address 970 Hillman Street, West Hempstead, NY 11552

**Option to buy**

1. Seller gives to Purchaser the right to buy the Property on the terms stated in this Option Contract.

**Price of the option**

2. Purchaser has given to Seller the Price of the Option. As Option Fee Dollars ($ 200.00 ) for the right to buy the Property. Seller states that Seller has received this payment. [redacted]

**Property**

3. The Property is described as follows 970 Hillman Street, West Hempstead, NY 11552

Section: 35

Block: 454

Lot: 110

This is a 30 year Option to Purchase Contract of real Property located at 970 Hillman Street, West Hempstead, NY 11552 The terms of the contract is as follows: Purchaser shall make a initial deposit of $1,600.00 and shall pay the rent of $800.00 commencing 01/01/2000 and $250.00 of the $800.00 shall be applied to the $1,600.00 downpayment up until June 2020. The rent amount will increase to $1,200.00 monthly for the remaining term of the option contract purchase agreement at which time purchaser will have completed the course of payment for the property in the total amount of $348,400.00.

**The Property includes:** (a) all buildings and improvements on the Property;
(b) All fixtures and articles of personal property attached to or used in connection with the Property, unless specifically excluded below. Seller represents that they are paid for and owned by Seller free and clear of any lien other than the Existing Mortgage. They include but are not limited to plumbing, heating, lighting and cooking fixtures, radio and television aerials, blinds, shades, screens, awnings, storm windows, window boxes, storm doors, mail boxes, weather vanes, flagpoles, pumps, shrubbery, clothes washers, clothes dryers, garbage disposal units, ranges, refrigerators, freezers, air conditioning equipment and installations, and wall to wall carpeting.

**Excluded from the Property to be sold:** Furniture and household furnishings

**Notice of decision to buy property**

4. If Purchaser decides to buy the Property, Purchaser must notify Seller on or before 01/01/2000 Notice must be in writing and sent together with the down payment, by registered mail to Seller at the above address or delivered personally to Seller. If Purchaser does not notify Seller on or before the notification date Purchaser's right to buy ends.

**Price of the property**

5. The Price of the Property is $ 348,400.00 payable as follows:

On sending notice to the Seller that Purchaser will buy the Property:

by check subject to collection, a down payment of ............ $

By allowance for the principal amount still unpaid on the Existing Mortgage: ........ $

By a Purchase Money Note and Mortgage from Purchaser (or assigns) to Seller: .... $ 348,400.00

BALANCE AT CLOSING ............ $ 0

The BALANCE AT CLOSING shall be paid in cash or good certified check, or official check of any bank, savings bank, trust company, or savings and loan association having a banking office in the State of New York. A check must be payable to the order of Seller, or to the order of Purchaser and endorsed by Purchaser (if other than a corporation) to the order of Seller in the presence of Seller or Seller's attorney.

**Existing Mortgage**

6. [redacted]

**Purchase money mortgage**

7. If a purchase money note and mortgage is to be given it shall be drawn by the attorney for the Seller. Purchaser shall pay for the mortgage recording tax, recording fees and the charge for drawing the note and mortgage. [redacted]

**Title transfer subject to** — 8. Th[illegible]perty is to be conveyed subject subject to: (a) Building and zoning regulations; (b) Conditions, agreements, restrictic[illegible]d easements of record; (c) Any state of facts an inspection or survey of the Property may show as long as it does n[illegible]make the title to the Property unmarketable; (d) Existing tenancies; and (e) Unpaid assessments payable after the date of the transfer of title.

**Purchase price used to pay encumbrances** — 9. Seller may pay and discharge any liens and encumbrances not provided for in this Option Contract. Seller may make payment out of the balance of the Purchase Price paid by Purchaser on the transfer of title.

**Deed and transfer taxes** — 10. At the Closing Seller shall deliver to Purchaser deed so as to convey a fee simple title to the Property free and clear of all encumbrances except as stated in this Contract. The deed shall be prepared, signed and acknowledged by Seller and transfer tax stamps in the correct amount shall be affixed to the deed, all at Seller's expense.

**Adjustments at closing** — 11. The following are to be apportioned pro-rata as of the date of delivery of the deed: (a) Rents as and when collected; (b) Interest on the Existing Mortgage; (c) Taxes, water rates and sewer rents based upon the fiscal period for which assessed; (d) Premiums on existing transferable insurance policies and renewals on those expiring prior to closing; and (e) Fuel, if any.

**Water meter readings** — 12. If there is a water meter on the Property, Seller shall furnish a reading to a date not more than thirty days prior to the time herein set for Closing. The unfixed meter charge and sewer rent, if any, shall be apportioned on the basis of this last reading.

**Fire, casualty** — 13. The risk of loss or damage by fire or other casualty before title closing is assumed by Seller.

**Seller unable convey** — 14. If Seller is unable to convey title in accordance with this Contract, Seller's only liability is to refund all money paid for the price of the Option, *for the price of the Property, and pay charges made for examining title.*

**Closing date and place** — 15. The Closing will take place at the property of 970 Hillman Street, West Hempstead, NY 11552 on 12/31/2030 after the final payment of $1,200.00 is made.

**Broker** — 16. Purchaser represents that Purchaser has not dealt with any broker in connection with this sale other than

and Seller agrees to pay broker the commission earned (pursuant to separate agreement).

**Purchaser's Lien** — 17. All money paid on account of this Option Contract, and the reasonable expenses of examination of the title to the Property and of any survey and inspection charges, are hereby made liens on the Property. The liens shall not continue after default by Purchaser.

**No oral change** — 18. This Option Contract may not be changed or ended orally.

**Who is bound** — 19. This Option Contract shall apply to and bind the distributees, executors, administrators, successors and assigns of the Seller and Purchaser. If there are more than one Purchaser or Seller the words "Purchaser" and "(Seller" used in this Option Contract includes them.

**Signatures** — Seller and Purchaser have signed this Option Contract as of the date at the top of the first page.

SELLER: Desmond Lynch
970 Hillman Street, West Hempstead, NY 11552
x Desmond Lynch

PURCHASER: Harold Leavitt, nominees and/or assigns
x Harold Leavitt

**ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)**

State of New York
County of NASSAU } ss.:
On 12/30/1999 before me, the undersigned, personally appeared DESMOND LYNCH personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

(signature)
*(signature and office of individual taking acknowledgment)*

PAUL G. WOOD
Notary Public, State of New York
No. 02WO4824126
Qualified in Nassau County
Commission Expires September 30, 2002

**ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)**

State of NEW YORK
County of NASSAU } ss.:
On 12/30/1999 before me, the undersigned, personally appeared HAROLD LEAVITT personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or county or other place acknowledgment taken)*

(signature)
*(signature and office of individual taking acknowledgment)*

PAUL G. WOOD
Notary Public, State of New York
No. 02WO4824126
Qualified in Nassau County
Commission Expires September 30, 2002

Desmond Lynch
Seller
and
Harold Leavitt
Purchaser

**Option Contract to Buy Real Estate**

*Option expires* 12/31/30
*Dated* ..........

STATE OF NEW YORK
County of Nassau

RECORDED ON THE
......day of ..........
at ..........o'clock ..........M.
in Liber ..........of Deeds
at Page ..........and examined

CLERK

**22. Waiver of jury, cour[illegible]laim, set off**

Landlord and Tena[illegible] ive trial by a jury in any matter which comes up between the parties under or because of this Lease (except for a personal injury or property damage claim). In a proceeding to get possession of the Premises, Tenant shall not have the right to make a counterclaim or set off.

**23. Written instructions**

Landlord has given or may give written instructions about the care and use of the appliances, equipment and other personal property on the Premises. Tenant must obey the instructions.

**24. Broker**

Landlord and Tenant recognize the above Broker as the Broker who brought about this Lease. Landlord is responsible to pay the above Broker's commission.

**25. Landlord unable to perform**

If due to labor trouble, government order, lack of supply, Tenant's act or neglect, or any other cause not fully within Landlord's reasonable control Landlord is delayed or unable to (a) carry out any of Landlord's promises or agreements, (b) supply any service to be supplied, (c) make any required repair or change in the Apartment or Building, or (d) supply any equipment or appliances, this Lease shall not be ended or Tenant's obligations affected.

**26. Illegality**

If any part of this Lease is not legal, the rest of the Lease will be unaffected.

**27. No waiver**

Landlord's failure to enforce any terms of this Lease shall not prevent Landlord from enforcing such terms at a later time.

**28. Quiet enjoyment**

Landlord agrees that if Tenant pays the rent and is not in default under this Lease, Tenant may peaceably and quietly have, hold and enjoy the Premises for the Term of this Lease.

**29. Successors**

This Lease is binding on all parties who lawfully succeed to the rights or take the place of the Landlord or Tenant.

**30. Representations, changes in Lease**

Tenant has read this Lease. All promises made by the Landlord are in this Lease. There are no others. This Lease may be changed only by an agreement in writing signed by and delivered to each party.

**31. Paragraph headings**

The Paragraph headings are for convenience only.

**32. Effective date**

This Lease is effective when Landlord delivers to Tenant a copy signed by all parties.

33. This is a lease with Option Contract to buy Real Estate.

34. The Option Contract to buy Real Estate Pages 5 & 6 is now addemdum to this Lease Agreement

35. Landlord will renew and extend the Lease term for an additional 30 Year term. subject to 30 day Prior notification by tenant before the expiration of current lease agreement.

36. Tenant may renew and extend the Lease term with a 5% increase of monthly rent payment.

37. Tenant shall notify the Landlord of any damages and repairs within 30 days of any necessary except for emergencies which shall be reported in 24 hours.

38. Tenant has the right after 30 days of notice to the Landlord to make repairs except for emergencies which must be addressed by the Landlord within 24 hours.

39. Reinbursement is required by the Landlord upon demand of the expenses of the repairs.

40. $250.00 of the total monthly rent amount shall be applied towards the downpayment for the action contract to purchase real property known as 970 Hillman Street, West Hempstead, NY 11552.

[initials] [initials]

(5) Option contract (6) Addendum Agreement

**Rider** Additional terms on 5 & 6 page(s) initialed at the end by the parties is attached and made a part of this Lease.

**Signatures** The parties have entered into this Lease on the date first above stated.

LANDLORD: Desmond Lynch

x [signature]

TENANT: Harold Leavitt nominees and/or assigns

x [signature]

(6)

# ADDENDUM

## master lease agreement

## ADDENDUM Rider To Standard Lease Agreement

This **ADDENDUM Mater Lease to the Standard Lease Agreement** (the Agreement) is made this1st day January , 2000 by and between **Desmond Lynch** (hereinafter referred to as LESSOR), and Harold Leavitt (hereinafter referred to as LESSEE).

The terms and conditions of this **MASTER LEASE, ADDENDUM AGREEMENT** are as follows:

Allows the tenant to master lease the entire property any time within the standard lease agreement term commenced January 1st, 2000 thru December 31st, 2030, up grading its lease from a portion of the property and its rental from $800 per month, upgraded to $1,200 per month as a master lease of the whole property. .Thus exercised , the monthly down payment credit is also upgraded from $250 per month credit toward down payment purchase ,correspondingly upgraded to $350 per month credited toward the down payment purchase , for the term from which the upgrade starts to when the option to buy is exercised or the lease, and option expires at or on December 31, 2030.

### ARTICLE 1
### Demise, Description, Use, Term and Rent

Lessor hereby leases to Lessee, and Lessee hereby leases from Lessor, those certain property hereinafter called the "Property," situated West Hempstead , NY , commonly known as 970 Hillman Street, West Hempstead, NY to be used as a residential property and in accordance with uses normally incident thereto and for no other purpose, for a term commencing **January 1, 2000** and ending on **December 31, 2030** , unless modified before that date by mutual consent, for rental amount as specified in Article 2.

### ARTICLE 2
### Rent

Lessee shall pay Lessor at PO Box 444, Rockville Centre, NY or in person , as rent for the Property, the monthly sum of $1,200 ( One Thousand , two hundred dollars and no cents ($1,200).

All payments due under the lease shall be payable without prior demand on the 1st day of each calendar month for which rent is paid, continuing thereafter until termination of this lease. If the beginning of the term hereof shall fall on a date other than the first day of a calendar month, then the monthly installment of rent for the partial month shall be prorated. The rent payment shall be due regardless of whether Lessee has members in occupancy of the premises.

**Penalty for late payment.** There shall be a 15 day grace period for the receipt of funds for rent. After this grace period Lessee shall pay an additional amount of 5 dollars ($ 5.00) per day for up to 30 days.

**ARTICLE 3**
**Property Management**

Lessee agrees to take responsibility for most aspects of the property management, including of individual tenants, day-to-day maintenance and repairs, and security, and to hold Lessor harmless therefrom. Lessee shall never take responsibility for any work relating to the property's roof, foundation, or any structural repairs.

Lessee agrees to keep the leased premises in good order and repair, at a standard equal to, or better than, the condition of the property at the time the lease commenced. Lessee has the right to retain yard care, and property management at its own expense.

Lessee agrees not to commit, or suffer to be committed, any waste on the leased premises, nor shall it maintain, commit, or permit the maintenance or commission of any nuisance on the leased premises.

**ARTICLE 4**
**Taxes, Assessments and Utilities**

Lessee shall not be responsible for the payment of real property taxes during the period of time of this Agreement.
Lessor shall pay all taxes levied on the property.
Lessee shall pay and discharge when due all charges for electricity, gas, water, sewer and other utilities for the leased premises.

**ARTICLE 5**
**Repairs and Maintenance**

Lessee shall, at its own expense, maintain and keep in good order and repair the exterior of the building of the leased premises. Said responsibility for repair shall include, exterior doors, glass, sidewalks, gutters, down spouts, and any and all other portions of the exterior building. Including the lawn.

Lessee shall, at its own expense, maintain and keep in good order and repair the interior of the building of the leased premises. Said responsibility for repair shall include (except as provided herein with respect to capital improvements), repairs or maintenance of all plumbing, heating and air conditioning, electrical, floors, doors, walls, ceilings, lighting and any and all other portions of the interior of the building, including any furniture, fixtures or equipment brought upon the leased premises by Lessee, and maintenance of landscaping and shrubbery. The liability of the Lessee for such maintenance and repair of the leased premises shall be limited to $500.00 per occurrence during the term of the Agreement, including any extended term thereof. Any repair or maintenance expense in excess of $250 per occurrence shall be borne by the Lessor

Lessor shall be required to pay for any capital improvements to the leased premises. Such capital improvements shall include, without limitation, the replacement of the roof or any portion thereof, a repaving of the parking area and driveways, structural repairs, replacements of the HVAC system or any significant portion thereof, repairs to the foundation, replacement of the exterior stucco of the building and any and all other capital improvements. For purposes of this Lease, it shall be presumed that any expenditure made for the repair of the Premises: (1) having a useful life of more than one year for Federal income tax purposes; or (2) having a cost of more than $1 500, is a capital expenditure, and is the responsibility of the Lessor.

**ARTICLE 6**
**Extension**

This agreement may only be extended by agreement of both parties at least sixty (60) days prior to the end of the lease. All other provisions of this agreement shall remain in full force and effect during such extended term.

**.ARTICLE 7**
**Assignment and Sublease**

**Assignment by Lessee and Lessor:** Lessee and Lessor retains the right to assign any or all of its interest under the terms of this lease to any entity or individual.

**Sublease:** Lessee shall have the right during the term of this Agreement to sublet any part or all of the leased premises to individual subtenants without the consent of the Lessor.

**ARTICLE 8**
**MISCELLANEOUS**

**Notice and Addresses**

All notices provided to be given under this agreement shall be given by first class mail, addressed to the proper party, at

Lessor: Desmond Lynch, PO Box 444, Rockville Centre, NY 11570

Lessee: Harold Leavitt, 970 Hillman Street, West Hempstead, NY 11552

**Parties bound**

This agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and also to their assigns when permitted by this agreement.

**Applicable Law**

This agreement shall be construed under and in accordance with the laws of the State of New York.

**Legal Construction**

In case any one or more of the provisions contained in this lease shall for any reason be hold to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof and this lease shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein. Further, the bold faced headings provided in this Agreement are for convenience in identifying the subject matter and are not to be used in interpreting the intent, meaning or effect of any clause of this agreement. This lease is to be construed to include an explicitly covenant of good faith and fair dealing between parties, each having as their ultimate goal the advancement and well-being of the other.

### Agreement of the Parties

This agreement, together with the Option to Purchase, and the standard lease agreement constitutes the entire Agreement between the parties and this addendum shall be deemed to supersede and control any of the constituent parts of the entire agreement. Each party acknowledges that no representation, inducement or condition not set forth herein has been made or relied upon by either party.

### Amendment

No amendment, modification, or alteration of the terms hereof shall be binding unless the same be in writing, dated subsequent to the date hereof, and duly executed by the parties hereto.

### Rights and Remedies Cumulative

The rights and remedies provided by this lease are cumulative, and the use of any one right or remedy by either party shall not preclude or waive its right to use any or all other remedies. Said rights and remedies are given in addition to any other rights the parties may have by law, statute, ordinance, or otherwise.

IN WITNESS WHEREOF, the undersigned Lessor and Lessee hereto execute this agreement as of the day and year first above written.

Lessor. Desmond Lynch

12/30/14

Lessee Harold Leavitt

12/30/19

IgL (6/09)

1ST ☑ 2ND ☐ 3RD ☐ 4TH ☐

DISTRICT COURT OF NASSAU COUNTY L&T PART

☐ NON-PAYMENT

☑ HOLDOVER

LT-000059-22/NA

alm Avenue Hialeh Trust, A Delaware Statutory
rust, For On Behalf Of And Solely with Respect to
alm Avenue Hialeah Trust Series 2014-1
Petitioner(s)

-against-

esmond Lynch; Jessie Scott AKA Scott Jessie;
arold Leavitt; Jahan Sarim AKA Sarim Jahan;
rystal Scudder; "John" "Doe"; "Jane" "Doe"

Hasbani
Mosen Δ1
~~AMBATE~~
THOMAS Δ3

Return Date 2-22-22

FINAL JUDGMENT IN FAVOR OF ____
MONEY JUDGMENT IN THE AMOUNT
EXECUTION OF WARRANT STAYED T
DATE ____

| Date | Judge | Actions & Remarks |
|---|---|---|
| :B 22 2022 | HON. WILLIAM HOHAUSER | Δ [illegible] ADJ LEFT F - Δ4 - CHANGE & WFD (ASKED FOR BENGALI) ADJ 3/17/22 @ 9:30A NOTIFY Δ BENGALI INTERPRETER ORDERED |
| IAR 17 202[illegible] | HON. WILLIAM HOHAUSER | Δ REQ ADJ LEFT F ADJ 4/26/22 @ 9:30A [illegible] BENGALI INTERPRETER ORDERED [illegible] |
| R 26 2022 | HON. WILLIAM HOHAUSER | B/S APP - 6/3/22 @ 9:30 CONF (CONSENT TO CHANGE ATTY FILED) BENGALI INTERPRETER |
| 0 3 2022 | HON. WILLIAM HOHAUSER | B/S APP ADJ 9/8/22 9:30 TRIAL |
| [illegible] | HON. WILLIAM HOHAUSER | B/S APP - ADJ 12/2/22 @ 9:30 TRIAL (NO BENGALI INTERPRETER [illegible]) |
| 0[illegible] 2022 | HON. WILLIAM HOHAUSER | B/S APP - ADJ 2/27/2023 @ 9:30 TRIAL * NO BENGALI INTERPRETER [illegible] 4 |

IBL (6/09)

1ST ☑ 2ND ☐ 3RD ☐ 4TH ☐

**DISTRICT COURT OF NASSAU COUNTY L&T PART**

☐ **NON-PAYMENT**

☑ **HOLDOVER**

LT-000059-22/NA

Hashani

Mosen Δ1

~~AMBATE~~

Thomas Δ3

Return Date 2-22-22

FINAL JUDGMENT IN FAVOR OF ____

MONEY JUDGMENT IN THE AMOUNT

EXECUTION OF WARRANT STAYED T

DATE ____

alm Avenue Hialeh Trust, A Delaware Statutory rust, For On Behalf Of And Solely with Respect to alm Avenue Hialeah Trust Series 2014-1

Petitioner(s)

-against-

esmond Lynch; Jessie Scott AKA Scott Jessie; arold Leavitt; Jahan Sarim AKA Sarim Jahan; rystal Scudder; "John" "Doe"; "Jane" "Doe"

| Date | Judge | Actions & Remarks |
|---|---|---|
| [illegible]B 22 2022 | HON. WILLIAM HOHAUSER | Δ MOVED ADJ LF/F – Δ4 - CASE & LOTTO (ASKS 2 FOR BENGALI) ADJ 3/17/22 @ 9:30A — NOTIFY Δ BENGALI INTERPRETER ORDERED |
| [illegible]AR 17 202[illegible] | HON. WILLIAM HOHAUSER | Δ REQ ADJ LF/F ADJ 4/26/22 @ 9:30A — BENGALI INTERPRETER ORDERED NOTIFY Δ |
| [illegible]R 26 2022 | HON. WILLIAM HOHAUSER | B/S APP – 6/3/22 @ 9:30 CONF (CONSENT TO CHANGE ATTY FLOOD) ~~[illegible]~~ BENGALI INTERPRETER |
| [illegible]03 2022 | HON. WILLIAM HOHAUSER | B/S APP ADJ 9/8/22 9:30 TRIAL |
| [illegible] | HON. WILLIAM HOHAUSER | B/S APP — ADJ 12/2/22 @ 9:30 TRIAL (NO BENGALI INTERPRETER REQUIRED) |
| [illegible] 2022 | HON. WILLIAM HOHAUSER | B/S APP – ADJ 2/27/2023 @ 9:30 TRIAL * NO BENGALI INTERPRETER REQUIRED Δ4 |
| | | |
| | | |
| | | |
| | | |

## CASE SUMMARY

Court: Nassau County District Court - 1st District
Index Number: LT-000059-22/NA

Case Type: Landlord and Tenant
Filed Date: 01/04/2022
Property Type: Residential
Classification: Holdover
Status: Active

Petitioner(s):
Palm Avenue Hialeh Trust, A Delaware Statutory Trust, For On Behalf Of And Solely with Respect to Palm Avenue Hialeah Trust Series 2014-1

vs.

Respondent(s):
Desmond Lynch;
Jessie Scott AKA Scott Jessie;
Harold Leavitt;
Jahan Sarim AKA Sarim Jahan;
Krystal Scudder;
"John" "Doe";
"Jane" "Doe"

Cause(s) of Action: Holdover

Property Address(es): 970 Hillman St, West Hempstead, NY 11552-, Additional Property Description: All rooms

(P) Palm Avenue Hialeh Trust, A Delaware Statutory Trust, For
Hasbani & Light PC - 450 7th Ave, Suite 1408, Valley Stream, NY 11581, (212) 643-6677

(R) Desmond Lynch
Adam H Moser - 11 Clinton Avenue, Rockville Centre, NY 11570, (516) 255-8371

(R) Jessie Scott - 970 Hillman St, West Hempstead, NY 11552

(R) Harold Leavitt
Douglas Leroy Thomas - 120A Ingraham Blvd, Hempstead, NY 11550, (516) 486-0980

(R) Jahan Sarim - 970 Hillman St, West Hempstead, NY 11552

(R) Krystal Scudder - 970 Hillman St, West Hempstead, NY 11552

This report reflects information recorded as of 02/15/2023 03:23 PM. Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

(R) "John" "Doe" (Undertenant) - 970 Hillman St, West Hempstead, NY 11552

(R) "Jane" "Doe" (Undertenant) - 970 Hillman St, West Hempstead, NY 11552

## PAPERS RECORDED

| | |
|---|---|
| 01/04/2022 | Petition by Attorney, Filed By: (P) Palm Avenue Hialeh Trust, A Delaware Statutory Trust, For |
| 12/08/2022 | Miscellaneous - Transcription request processed |

## APPEARANCE ACTIVITY

| | |
|---|---|
| 02/22/2022 | Landlord/Tenant Mediation, Judge: William A. Hohauser, Purpose: Conference, Outcome(s): Adjourned: 03/17/2022 |
| 03/17/2022 | Landlord/Tenant Mediation, Judge: William A. Hohauser, Purpose: Conference, Outcome(s): Adjourned: 04/26/2022 |
| 04/26/2022 | Landlord/Tenant Mediation, Judge: Christopher J. Coschignano, Purpose: Conference, Outcome(s): Adjourned: 06/03/2022 |
| 06/03/2022 | Landlord/Tenant Mediation, Judge: William A. Hohauser, Purpose: Conference, Outcome(s): Adjourned: 09/08/2022 |
| 09/08/2022 | Landlord/Tenant, Judge: William A. Hohauser, Purpose: Trial: Bench, Outcome(s): Adjourned: 12/02/2022 |
| 12/02/2022 | Landlord/Tenant, Judge: William A. Hohauser, Purpose: Trial: Bench, Outcome(s): Adjourned: 02/27/2023 |
| 02/27/2023 | Landlord/Tenant, Purpose: Trial: Bench |

This report reflects information recorded as of 02/15/2023 03:23 PM. Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

**EXHIBIT B:**

Failure to Record the Hearing and the Attorney Appearances on the Record of the respective attorneys . Attempt to order Court transcripts is thwarted and obstructed.

No Record Made

# DISTRICT COURT OF NASSAU COUNTY
# MECHANICAL RECORDING TRANSCRIPT ORDER

Plaintiff PALM AVE HIALEH TRUST Index # LT 59-22/NA

Defendant DESMOND LYNCH; ET AL

Court NASSAU COUNTY DISTRICT COURT

Location 99 MAIN STREET HEMPSTEAD, N.Y. 11550

PROCEEDING Date 9-8-22 AND 12-02-22 Trial Hearing Stipulation (Circle one) [Hearing circled]

Other (explain) ______

Judge HON WILLIAM HOHAUSER

I request a transcript of the above referenced proceeding. I have reviewed the list of authorized transcription agencies and have made arrangements with the following agency:

Name of Agency Aarons Court Reporting Phone Number (914) 621-7271

Address of Agency 175 Main St 8th Fl Ste, White Plains, NY 10601

contact: Rosie ~~Sha~~ Email transcripts.courtr@gmail.com

~~The Agency will ☐ pick-up the tape OR ☐ requests that the tape be mailed to them (Check one)~~

Name DESMOND LYNCH Date 12/16/22

Address 970 HILLMAN STREET Signature [signature]

WEST HEMPSTEAD, N.Y. 11552 Phone # (H) 516-591-2251 ddl@ddlynch.com

(B) ______

CLERK'S OFFICE USE ONLY

Tape Identifier 09-08-2022 12-02-2022

LED Range NO RECORD MADE CASE ADJOURNED BOTH DATES.
(Taped @ Half Speed = 12cm)

Agency notified - Date ______

☐ Mailed to Agency ______ Initial Date ______

☐ Picked up by Agency ______ Initial Date ______

DISTRICT COURT OF NASSAU COUNTY
99 MAIN STREET
HEMPSTEAD, NEW YORK 11550

# REQUEST FOR TRANSCRIPTION OF MINUTES

I am the plaintiff - defendant (circle one) in the matter of:

Palm Acre Hialeah Trust
Plaintiff/Petitioner

- against -

Desmond Lynch et AL
Defendant/Respondent

Index No. LT 000059-22 /NA

Judge's Name William Hauser

Date of Proceeding 12/02/22 & 09/08/22

I request a transcript of the above referenced proceeding:

Name: Desmond Lynch

Address: 970 Hill man Ct
W. Hempstead, NY

Phone #: (516) 591-2251

E-Mail: dl@dlelynch.com

Date: 12/08/22

Desmond Lynch
(Signature)

S

# DISTRICT COURT OF NASSAU COUNTY
# MECHANICAL RECORDING TRANSCRIPT ORDER

Plaintiff PALM AVE HIALEH TRUST Index # LT 59-22/NA

Defendant DESMOND LYNCH; ET AL

Court NASSAU COUNTY DISTRICT COURT

Location 99 MAIN STREET HEMPSTEAD, N.Y. 11550

PROCEEDING Date 9-8-22 AND 12-02-22 Trial Hearing Stipulation (Circle one)

Other (explain) ____

Judge HON WILLIAM HOHAUSER

I request a transcript of the above referenced proceeding. I have reviewed the list of authorized transcription agencies and have made arrangements with the following agency:

Name of Agency ____ Phone Number ____

Address of Agency ____

____

~~The Agency will ☐ pick up the tape OR ☐ requests that the tape be mailed to them (Check one)~~

Name DESMOND LYNCH Date ____

Address 970 HILLMAN STREET Signature ____

WEST HEMPSTEAD, N.Y. 11552 Phone # (H) 516-591-2251

(B) ____

## CLERK'S OFFICE USE ONLY

Tape Identifier 09-08-2022 12-02-2022

LED Range NO RECORD MADE CASE ADJOURNED BOTH DATES.
(Taped @ Half Speed = 12cm)

Agency notified - Date ____

☐ Mailed to Agency ____ Initial Date ____

☐ Picked up by Agency ____ Initial Date ____

**EXHIBIT C:**

Notice of Appearance as Ross Eisenberg PC , yet it signed is as another Law firm .

STATE OF NEW YORK
DISTRICT COURT
COUNTY OF NASSAU
------------------------------------------------------------------X Index No.:

PALM AVENUE HIALEH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEAH TRUST SERIES 2014-1,

Petitioner.

**AFFIRMATION**

-against-

DESMOND LYNCH;
JESSIE SCOTT A/K/A SCOTT JESSIE;
HAROLD LEAVITT;
JAHAN SARIM A/K/A SARIM JAHAN;
KRYSTAL SCUDDER;

"JOHN DOE"
"JANE DOE"

Respondents.

*Premises*
970 Hillman Street
West Hempstead N.Y. 11552
------------------------------------------------------------------X

Ross Eisenberg, Esq. an attorney duly admitted to practice law in the courts of the State of New York affirms under penalty of perjury and pursuant to CPLR 2106 the following:

1. I am the principal of Ross Eisenberg Law PLLC, attorneys for the Plaintiff. To the best of my knowledge, after being served, the Covid Hardship Declaration was not returned to my prior firm Hasbani & Light P.C.

Dated: December 3, 2021

ROSS EISENBERG LAW PLLC

/s/ Ross Eisenberg
Ross Eisenberg, Esq.
445 Central Ave. Suite 112
Cedarhurst N.Y. 11516
(516)828-5122

**EXHIBIT D:**

Record of Payments, funds held in Ross Eisenberg's breast pocket $24,000 +, being used in a veiled, two attempts observed, to try and bribe and /or bamboozle respondent's attorney , Doug Thomas Esq. his refusal and due to no fault of his own

**Payments Received and held in the Breast Pocket of**

**Ross Eisenberg Esq,**

As he eluded to " I have this here to give to you" pointing to his breast pocket , speaking with Respondent Attorney, for CN Capital Management Group, who refused .

Payments made to Petitioner , $1200 per month from the 90 days notice demand January 2021 through to January 2023

24 months X'S $1200 +'s

$28,800

- **On December 2, 2022** payments through November were in his breast pocket

Of Ross Eisenberg Esq, ,in the hallway of the Court , when he offered to respondents attorney

22 month's X's 1200

**$26,400**

**In an apparent attempt to bribe to a settlement and or bamboozle and void the Lease agreement the Petitioner is bound to**

HAROLD LEAVITT
970 Hillman Street
West Hempstead, m NY 11552

Hasbani & Light PC
Attorneys for Palm Avenue Hialeah Trust
450 7th Avenue, Suite 1408
New York, New York 10123

Harold Leavitt
970 Hillman Street
West Hempstead, NY 11552
January 16, 2021

Hasbani & Light PC, attorneys for and
On Behalf of Palm Avenue Hialeah Trust
c/o 450 7th Ave, Suite 1408
New York, New York 10123
212-443-4677

RE: Lease / 970 Hillman Street,
West Hempstead, NY 11552
CEASE AND DESIST Harassment

**TO WHOM IT MAY CONCERN:**

**Rent Enclosed and Is Current**

Enclosed is my rent for the property for this month $1200. ( #1 enclosed send certified mail) My rent is current and timely, and you have a copy of the lease sent you many months ago which entitles me to be in the premises through December 31st , 2030. That fact established, as you already know , yet today I have received a notice to vacate. (# 2 enclosed)

I have forwarded the rent to your client through you since you noticed me mony moths ago of the change of ownership (with the referee deed submitted and noticed to me, and I submitted my lease to your office as requested ( again Attached #3 ) .

Thus the rent/lease payments paid you , and while the monthly rental funds remitted have not been rejected within the 15 day time limit required of you under the law , *therefore* my lease is in full force and effect, and your notice to vacate ( attached #2) by January 29th , 2021 is not only a violation of my lease , your recent notice is null and void and has no force and effect. If you persist, and continue with or follow-through on it as you threatened, constitutes harassment, is a landlord violation entitling me to monetary and other damages , and is a misconduct by you at Hasbani and Light and the law firm as Officers of The Court.

**NOTICE TO CEASE AND DESIST Harassment**
**Tenant hereby Gives Notice to Landlord/ owner and its Agent / counsel Hisbani and Light PC To Cease and Desist any Further Harassment**

I am elderly and have health problems , and harassment or violation of my lease would cause me excess stress , and could lead to my untimely death or the damage and deterioration of my health , for which you would be liable for my personal injury . Please thus respectfully heed this Cease and Desist Notice.

Respectfully,

Harold Leavitt

**Encl.** #1 Lease/ rent payment for January 2021
#2 Your Notice as evidence of Harassment served yesterday 1/ 15/21
#3 Copy of my lease resent here and supplied again herein

#1 Lease/ rent payment for January 2021






SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

DERRICK M. JOHNSON

INDEX NO.: 23000143

Plaintiff,

-against-

PALM AVENUE HIALEH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEH TRUST SERIES 2014-1, HAROLD . LEAVITT; DESMOND LYNCH; JESSIE SCOTT A/K/A SCOTT JESSIE; JAHAN SARIM A/K/A SARIM JAHAN; KRYSTAL SCUDDER;

Defendants.

---

RECEIVED
FEB 24 2023
NASSAU COUNTY
COUNTY CLERK'S OFFICE

**SUMMONS**

To The Above Named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in the above captioned action, and to serve a copy of your Answer on the Plaintiff's attorney within twenty days after service of this Summons, exclusive of the day of service, or within thirty days after completion of service where service is made in any other manner than by personal delivery within the State. The United State of America, if designated as a defendant in this action, may answer or appear within sixty days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Nassau County is designated as the place of trial. The basis of venue is the location of the premises.

Dated: February 23, 2023
New York, NY

By: [signature]
Derrick M. Johnson, Pro Se

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

DERRICK M. JOHNSON

INDEX NO.: 23... Section: ... Block: 454 Lot: 110

Plaintiff,

-against-

PALM AVENUE HIALEH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEH TRUST SERIES 2014-1; HAROLD LEAVITT; DESMOND LYNCH; JESSIE SCOTT A/K/A SCOTT JESSIE; JAHAN SARIM A/K/A SARIM JAHAN; KRYSTAL SCUDDER;

Defendants.

---

RECEI... FEB 24 2023 NASSAU COUN... COUNTY CLERK'S O...

## COMPLAINT

Plaintiff, Derrick M. Johnson , Pro Se ("Plaintiff"), as and for its Complaint against the above-named Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action concerning a residential lease agreement with option contract to purchase real property to be sold to Plaintiff, as purchaser, by the Defendant Palm Avenue Hialeh Trust, A Delaware Statutory Trust, for and on behalf and solely with Respect to Palm *Avenue Hialeh Trust Series 2014-1*, the Seller pursuant to the option contract to purchase real property commonly known as 970 Hillman Street, West Hempstead, NY 11552; Section 35, Block 454, Lot 110 in Nassau County, (the "Property").

2. Defendant has attempted to unilaterally cancel the Lease Agreement with the option contract to purchase the real property with the Plaintiff by filing a hold over proceeding at the First District Court of New York located at 99 Main Street, Hempstead, NY 11550.

3. The aforementioned residential lease with option contract to purchase real property was

C)

**Affidavit , Proof of Service of Summons and Complaint**

***Served March 9th, 2023***

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NASSAU

# AFFIDAVIT OF SERVICE

Index #: 23/000143
Date Filed: ______
Court Date: ______
Assigned Justice: ______

Attorney: PH
Address:

File No.: ______

DERRICK M. JOHNSON

*Plaintiff(s)/Petitioner(s)*

vs.

*PALM AVENUE HIALEH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEH TRUST SERIES 2014-1, et al.*

*Defendant(s)/Respondent(s)*

STATE OF FLORIDA, COUNTY OF MIAMI-DADE SS.:

TYRONE MAPP, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age On March 9, 2023 at 11:35 AM, deponent served the within at 1900 SUNSET HARBOR DRIVE, ANNEX BLDG-SECOND FLR., Miami Beach, FL 33139

Summons And Complaint; Notice Of Pendency Of Action

on: PALM AVENUE HIALEH TRUST, Defendant therein named.

#1 INDIVIDUAL ☐ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORPORATION ☒ By delivering thereat a true copy of each to BARRY BRECHER personally, deponent knew said corporation/agency to be the corporation described in same as said recipient and knew said individual to be the managing/authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

#3 SUITABLE AGE PERSON ☐ By delivering a true copy of each to ______ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

#4 AFFIXING TO DOOR ☐ By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the ______ day of ______ at ______
on the ______ day of ______ at ______
on the ______ day of ______ at ______
on the ______ day of ______

Address confirmed by ______

#5 MAIL COPY ☐ On ______, deponent completed service under the last two sections by depositing a copy of the ______ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of ______.

#6 DESCRIPTION ☒ (use with #1, 2 or 3) A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows.
Sex: MALE Color of skin: WHITE Color of hair: GRAY
Weight: 170LBS Other Features: ______ Age: 60+ Height: 5'10"

#7 WIT.FEES ☐ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#8 MILITARYSRVC ☐ Your deponent asked the person spoken to whether recipient was in the active military service of the United States, and received a negative reply. Upon information and belief I have, being based on the conversations & observations above narrated, recipient is not in service.

#9 OTHER ☐ ______

Sworn to before me on this 13th day of March

[signature]
SAMANTHA HALL, STATE OF FLORIDA NOTARY

[signature]
Please Print Name Below Signature, TYRONE MAPP

☐ Personally Known To Me
☑ Presented a Florida's Driver's License

InvoiceWorkOrder 404495

NOTARY PUBLIC STATE OF FLORIDA
SAMANTHA HALL
Commission # HH 312639
Expires September 15, 2026

TRISTATE JUDICIAL SERVICES, INC., 30 SOUTH OCEAN AVENUE, FREEPORT, NY 11520

# AFFIDAVIT OF DUE DILIGENC

COURT DATE:

ATTORNEY(S):
ADDRESS:

PH:
File No.:

INDEX NO.: 23/000143

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NASSAU

DERRICK M. JOHNSON

Plaintiff / Petitioner

vs

PALM AVENUE HIALEH TRUST, A DELAWARE STATUTORY TRUST, FOR AND ON BEHALF AND SOLELY WITH RESPECT TO PALM AVENUE HIALEH TRUST SERIES 2014-1, et al.

DefendantRespondent

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

PAUL MARTINEZ , being duly sworn, deposes and says: that deponent is not a party to this action, is over the age of eighteen (18) years and resides in New York State; that on April 3, 2023 at 1:00 PM at: 445 CENTRAL AVENUE, STE. 112, Cedarhurst, NY 11516

deponent attempted to serve the within Summons And Complaint; Notice Of Pendency Of Action

upon ROSS EISENBERG ESQ. C/O ROSS EISENBERG LAW, PC

the defendant / respondent therein named, and that after due search, careful inquiry and diligent attempts at the address listed above, deponent was unable to effect service of process upon the person being served because of the following reason(s):

- ☐ unknown at address
- ☐ moved, left no forwarding
- ☐ evading
- ☐ unable to serve in timely fashion
- ☐ house vacant
- ☐ address does not exist
- ☐ service cancelled by litigant
- ☐ no other occupants / tenants over 18 years of age
- ☒ Other: DEFENDANT MOVED. NEW LOCATION UNKNOWN. CALLED NUMBER LISTED FOR DEFENDANT 516-828-5122- GOT THE VOICEMAIL.

ATTEMPTS WERE MADE AS FOLLOWS:

Sworn to before me on April 4, 2023

[signature]

VANESSA JOHNSON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01JO6166083, QUALIFIED IN KINGS COUNTY
TERM EXPIRES MAY 14, 2023

[signature]

PAUL MARTINEZ
Server's Lic #
Invoice•Work Order # 404496

# AFFIDAVIT OF SERVICE

State of New York )
County of Nassau )

The undersigned being duly sworn, deposes and says:

DONALD LEDBETTER is not a party to the action, is over
(name of person serving papers)

18 years of age and resides at 121-03 SUTPHIN BLVD,
JAMAICA, NEW YORK 11435
(complete address of person serving papers)

That on MAY 15TH 2023, deponent served the within
(date of service)
NOTICE OF RETURN AND REJECTION OF DEFENDANT'S ANSWER
(name of document[s] served)

upon MICHAEL B. ERSHOWSKY, ESQ.,/ERSHOWSH VERSTANDIG, PLLC located at
(name of person/corporation served)
290 CENTRAL AVENUE, SUITE 109, LAWRENCE, NY 11559.
(complete address where other party/corporation served)

(Select method of service)

____ Personal Service: by delivering a true copy of the aforesaid documents personally; deponent knew said person/corporation so served to be the person/corporation described.

****** Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope m a post office or official depository under the exclusive care and custody of the United States Postal Service.

[signature]
Signature of person serving papers

DONALD LEDBETTER
Printed Name

Sworn to before me this 15
day of May 2023

[signature]
Notary Public

JOSEPH R MEGALE
Notary Public, State of New York
No. 02ME6163311
Qualified in Nassau County
Commission Expires ~~03/24/20~~ 6/24/23

Pass Port Shown

23 000143

NASSAU INDEX #
FILED

MAY 15 2023

NASSAU COUNTY
COUNTY CLERK'S OFFICE

NASSAU COUNTY CLERK

JUN 10 2025
DATE
EXHIBIT NO. B
FOR ID
IN EVIDENCE
APPEAL/APPLIX. NO

ROSS EISENBERG LAW PLLC
Attorney & Counselor at Law
445 Central Ave. Suite 112
Cedarhurst N.Y. 11516
Tel: (516) 828-5122
E: Ross@eisenberglawpllc.com

April 12, 2022

VIA USPS REGULAR FIRST CLASS AND CERTIFIED MAIL
Harold Leavitt
970 Hillman St.
W. Hempstead N.Y. 11552

Re: Palm Ave. Hialeah Trust v. Lynch et als.
Index No: LT-000059-22
Property Address: 970 Hillman St. West Hempstead N.Y. 11552

Mr. Leavitt:

This firm represents the Petitioner in the above referenced eviction proceeding.

Please accept this notice to advise you to cease mailing money orders to Hasbani & Light P.C. located at 450 7th Ave. N.Y. N.Y 10123. Hasbani & Light P.C. are no longer representing the Petitioner.

Further, please contact the undersigned so the previously received money orders can be returned to you.

Thank you for your attention to this matter.

Sincerely,

/s/ Ross Eisenberg
Ross Eisenberg, Esq.

DATE JUN 10 2025 C
Δ EXHIBIT NO.
FOR ID ✓
IN EVIDENCE
APPEAL/APPLIX. NO

# C2:

# Sworn to Answer to the LT Matter 000059-22

6-6-2023
LT1-280

New York State Unified Court System

# Tenant Answer and Counterclaim for Holdover Eviction

UCS-LTH3 (05/2
Page 1

1st District LT Part Court

County of Nassau

Landlord/Petitioner (person/entity that started the case):
Palm Avenue Hialeh

Index Number:
LT-000059-22/NA

Tenants/Respondents (persons whom the case is against):
Desmond Lynch

I am the tenant of the premises located at the following address:

Check all that apply:

**ANSWER**

- ☒ General Denial. The claims in the petition are not correct.

**SERVICE**

- ☐ I did not get both the notice of petition and petition.
- ☐ I got the notice of petition and petition, but the papers were not delivered the way the law requires.
- ☐ I did not get a notice of termination required by law before the landlord started the case.

**PARTIES**

- ☐ My name is wrong in this case.
- ☐ My name is not on the notice of petition and petition.
- ☐ Petitioner is not the landlord or owner of the building.
- ☐ The tenant listed is dead.

**APARTMENT/HOUSE**

- ☐ I fixed the problem the petitioner is complaining about.
- ☐ The conditions or behavior the petitioner is complaining about are exaggerated.
- ☐ The conditions or behavior the petitioner is complaining about are not true.
- ☐ There are or were conditions in the premises that need to be repaired and/or services that need to be restored: (describe conditions and/or services)

ADA Accommodations | Spoken or Sign Language Interpreters | CourtHelp 1-800-C

☐ My home is not listed correctly on the court papers (check all that apply):

☐ wrong apartment/house number

☐ wrong or missing information about rent regulation or laws that cover me

OTHER

☑ Petitioner accepted rent from me after the notice of termination date.

☐ Petitioner accepted payment of back rent through the Emergency Rental Assistance Program (ERAP) on ___/____/_____ and one year has not passed.

☐ Petitioner started this case to retaliate against me for actions I took in the past year

☑ Petitioner has harassed me (please explain):
Petitioner had formed a straw Law Firm by employee Ross Eisenberg of the filing Law firm Hisbani and Light PC that also has his name as employee on the Hold Over Papers. The illegal purpose of their scheme was to then send a fraudulent letter to Lease Holder, with lease term intact, Harold Leavitt, Respondent, (Continued on separate page)

☐ I serve in the military, or I am dependent on someone in the military.

☑ Other defense/answer (please explain):

The petitioner, under law firm Hisbani and Light PC filer of the waived Holdover, violated the law by intentionally and willfully filing and sustaining a 2 year, frivolous holdover action, by having the lease and lease payments continuously in their possession since the petitioner sent (continued on separate page attached)

COUNTERCLAIMS

I request a judgment against the petitioner because:

☐ Petitioner owes me $__________ for repairs or services I paid for.

☐ Petitioner owes me $__________ for rent overcharges.

☐ Petitioner owes me a rent reduction or refund for failing to provide services.

☐ Petitioner should be fined for harassing me
NOTE: Only tenants in New York City – Bronx, Kings (Brooklyn), New York (Manhattan), Queens, or Richmond (Staten Island) – can make this claim.

☑ Petitioner's Fraud Upon the Court, Including Concealment of Lease, Receipt of Rent, and Use of Coercive Agents, Mandates Dismissal With Prejudice and Sanctions, and Finess (continued on Page 4 thru 10)

**VERIFICATION**

STATE OF NEW YORK
COUNTY OF Nassau

Desmond Lynch, being duly sworn, states the following:

1. I am the tenant in this case.
2. I have read this form, and I know what it says
3. The information above is true, accurate, and complete to the best of my knowledge and belief

[signature]
Tenant/Respondent Signature

Sworn to before me this 22nd day of May, 2025.

[signature]
Notary Public

SUBSCRIBED AND SWORN BEFORE ME ON
ON THIS 23 DAY OF May, 2025

[signature]
NOTARY PUBLIC

- Page 2 -

Kevin Persaud
Notary Public, State of New York
Reg. No. 01PE0022725
Qualified in Nassau County
Commission Expires March 25, 2028

**Continued from** (Petitioner harassed me ( please explain)

to tell him in the fraudulent letter to "to stop making lease payments , and contact him( Ross Eisenberg), to have the lease payments made and accepted after the notice of termination date , returned , since he Ross Eisenberg and his fake firm was in charge of the case , not Hisbani and Light PC. No Substitution of Attorney was in the file and the act was a conspiracy and a fraud upon the court voiding the hold over as frivolous .

**continued from** ( other defense/ answer (please explain )

the 90 day notice and demand for lease and lease payments, responded to by Harold Leavitt, Respondent , yet withheld the evidence of Harold Leavitt , Respondent's lease from the Honorable Court, intentionally withheld , omitted, and concealed by the Petitioner , in its holdover moving papers , and did so to mislead ad defraud the Court, and damage me as respondent , as if the petitioner had not in fact waived the holdover by accepting payments for two years after the notice of termination.

Lastly , I was harassed when I received threatening phone calls from Jack Marshane an agent hired by the Petitioner, and who bragged he had been to prison, and bragged to me in the Court hallway with Ross Eisenberg Esq , that his boss the Petitioner, had in effect fixed the preceding through their friends ( Judges and court personnel) , and then Mr. Marshan after court called my lawyer Adam Moser Esq, and stated to him " I know where he live" an implied threat; my lawyer left the case and I am now Pro Se. all my legal expenses over the tow years of a frivolous Holdover action should be so ordered by this Court returned to me by the Petitioner for its war of attrition over two years, that effected a false warrant of eviction by Judge Christopher Coschignano, that was shamefully lifted , a motion to recuse, that motion was sidestepped by Judge William Hohauser who has order a trial, on a prima facia case requiring dismissal without trial . The fraud upon the LT Court the Court should order the Petitioner , without a trial , dismissal and a $5,000 for reimbursement of legal fees , transcript costs , and legal research costs , plus $350 per court visit and appearance demanded over the two-year period of the Petitioner's fraud upon the Court .

## COUNTERCLAIMS ( continued)

**Fraud upon the court by the petitioner**—especially when it involves **concealment of material facts and evidence such as an existing lease in possession by the petitioner yet wit held from its initial moving papers , continuous acceptance of rent/ lease payments, and threats or intimidation—can constitute grounds for dismissal of a landlord-tenant (LT) case in** Nassau County, NY, and more broadly, under **New York State law**.

- the legal foundation and remedies sought include :

### 1. Definition of Fraud Upon the Court

Under New York law, **fraud upon the court** refers to conduct that seriously undermines the integrity of the judicial process itself, not just misconduct between the parties. This includes:

- Concealing key documents (e.g., an active lease);
- Submitting false or misleading statements such as the Harold Leavitt Letter from a straw Law firm by Ross Eisenberg , not the Attorney of Record . claiming it is in charge of the case, not Hisbani and Light OC and to send back lease payments, and stop making lease payments .;
- Engaging in **egregious misconduct to deceive or manipulate** the court or to unfairly **gain an advantage** by use of a professed Ex convict Jack Marshan to contact Respondenet's attorney by telephone and threaten him, by stating "I know where you live."

Case Law:

- **Matter of Holden v. Holden, 812 N.Y.S.2d 238 (2d Dep't 2006):** Concealment of material facts can warrant setting aside a judgment or dismissal.
- **Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018):** Courts may vacate judgments or dismiss actions based on fraud that undermines judicial integrity.
- **Stalevski v. Village of Elmsford,** 164 A.D.3d 935 (2d Dep't 2018): Motion to dismiss upheld where fraud upon the court was alleged with specific supporting facts.

### 2. Concealing an Existing Lease and Accepting Rent

In a holdover proceeding, the existence of a valid lease or continued acceptance of rent after the alleged expiration or termination date :

- Invalidate the grounds for a holdover;
- Is a waiver of termination and r recognition of tenancy;
- Constitute fraud if the lease is intentionally concealed to mislead the court or obtain a warrant.

**Precedent:** **1029 Sixth v. Riniv Corp., 9 Misc.3d 138(A) (App Term 1st Dep't 2005):** Acceptance of rent can re-establish a tenancy and void a prior termination. **Gloria Homes v. Giles, 144 Misc.2d 693 (Civ. Ct., Bronx Co. 1989):** Concealment of lease documents and receipt of rent invalidated the petitioner's claim.

## 3. Use of Threats or Intimidation by an Agent

Hiring an agent—particularly one with a criminal record—**who engages in threats or witness intimidation** is :

- **Contempt of court**; by the Petitioner
- **Can lead to Criminal prosecution** for obstruction, intimidation, or coercion:
- **Is immediate Grounds for Dismissal of the case** given it materially affects the fairness of the proceeding such as the dropping out of the Respondent's attorney who was threatened .

**Relevant Statutes:**

- **Penal Law § 215.10–215.13**: Penalizes tampering with witnesses and intimidation.
- **Judiciary Law § 753**: Courts may punish for criminal contempt where there is intimidation affecting the proceedings.

## 4. Remedies You Can Seek

This situation applies to this case, I ask the Court for permission to **file a motion to dismiss** or support a motion to dismiss by the respondent with the master Lease, and stay a trial pending the determination of the Motion's decision and **Order**

- **Immediate dismissal of the holdover petition** based on fraud and unclean hands:
- **Sanctions** and fines against petitioner and their attorneys who colluded including Hisbani and Light PC, Ross Eisenberg Esq, and Michael Ershowsky. ;
- **Unless resolved now the honorable Court is to Refer the Petitioner for criminal or disciplinary investigation** (given threats, perjury, or tampering are involved).

- A Clear look at the case file establishes Evidence of the concealed lease and prior payments after the notice of determination date , (as the Court has copy , after the fact, of the lease given on demand by the Petitioner in its 90 day notice, Harald Leavitt Non-Harassment Request Letter to cease and deist, Desmond Lynch 37 page criminal complaint letter given 1st to Judge William Hohauser, who left the case upon its receipt , and then the criminal Complaint was transferred to Judge Christopher Coschignano , both failed to act or even mention it on the record , implying a taint of collusion , as alleged by Jack Marshane agent of the Petitioner who bragged the proceeding is fixed and actively interfered with by his boss, Palm Avenue, John Olsen director, interfered with by its friends ( judges and admin within the Courts) .
- Proof of rent acceptance; for over tow years , and letter of John Olsen, and Hisbani and Light sending back the lease payments, two years after the challenge was legally waived by Petitioners conduct . .
- witness statement letter regarding the threats/intimidation;
- **Action by this Court Is Further Supported by the Citations to the cases above.**

*** The Court's failure to act two years ago and now , when it received the 37-page criminal complaint letter , with evidence , is a violation of proper Judicial Conduct , suggesting , as well, a dismissal is required now:**

In New York, and specifically in **Landlord-Tenant (LT) Court** in **Nassau County District Court, a judge has both a legal and ethical duty** to act upon credible complaints of **criminal conduct occurring in connection with proceedings before the court**. This duty is grounded in both **judicial ethics** and **state law**.

## LEGAL & ETHICAL DUTIES OF THE COURT

### 1. duty to Maintain Integrity of Proceedings

Judges are **obligated to preserve the integrity of judicial proceedings**. This includes ensuring that the court is not used as a venue for:

- **Fraud**
- **Perjury**
- **Coercion or intimidation of parties or witnesses**
- **Retaliation or criminal misconduct** by officers of the court or parties

Once credible allegations of **criminality** (e.g., **witness tampering**, **threats**, **fraud upon the court evidence concealment** ) are raised in court filings or verbally on the record, ***the judge is required to take action to:*** *Neither Judge William Hohauser did, Nor Judge Christopher Coschignano took action :* *NO ACTION TAKEN*

- **Investigate or allow fact development** (via evidentiary hearing or motion practice);
- **Refer the matter to appropriate authorities**, such as:
  - **District Attorney (DA)** for criminal acts;
  - **Attorney Grievance Committee** for attorney misconduct;
  - **Office of Court Administration (OCA)** or Inspector General.

## GOVERNING RULES & LAWS

▪ **New York Rules of Judicial Conduct (22 NYCRR § 100.3(D))**

"A judge who receives information indicating a substantial likelihood that a lawyer has committed a substantial violation of the Rules of Professional Conduct shall take appropriate action."
"A judge who receives information indicating a substantial likelihood that another judge has committed a substantial violation... shall take appropriate action."

As the conduct **raises a question of criminality**, **the judge must report it** to the **appropriate authorities. Neither Judge did and did not act .**

▪ **Judiciary Law § 487**

This statute criminalizes **attorney misconduct**, such as:

- **Deceit or collusion with intent to deceive the court or any party**;
- Can result in both **criminal penalties** and **civil liability**:
- The court must act if a violation is credibly alleged.

▪ **Penal Law – Articles 195, 205, and 215**

These criminal provisions address:

- **Intimidation of witnesses (Penal Law § 215.10 et seq.)**
- **Obstruction of governmental administration**
- **Tampering with evidence or public records**

Judges are not permitted to ignore signs of these crimes as alleged within their courtroom jurisdiction with credible evidence as occurred in this case . .

**IF THE COURT FAILS TO ACT**

A court's failure to address criminal misconduct during proceedings can amount to:

- Judicial misconduct
- Denial of due process
- Basis for appellate review -or - federal intervention (e.g., via 42 U.S.C. § 1983)

It exposes itself to unnecessary and unwise risk of: :

- **a motion requesting judicial action and recusal as occurred when Judge Chrstopher Coschjgano treated the Petitioner unequally and favorably by allowing it not to show up in Court , with no excuse required, and prevented the Respondent Desmond Lynch from making an oral application for default and domical of the case .,**
- **Then on a subsequent occasion, as the Court record establishes shows, Judge Christopher Coschignano issued a warrant of eviction, when Respondent Desmond Lynch made second call timely, and accepted Petitioner's application and ruled the respondent in default. That led to a lifting of the warrant of evictions, and a motion for the Judt Christopher Coschignano 's recusal, which he constructively obstructed by violating Judicial Law 9, and leaving the case without disclosing, using a pretext excuse.**
- **The Judiciary acting apparently unethically and outside the bounds of the law faces the risks of submission of a formal judicial misconduct complaint** and inquiry to the:
  - **NYS Commission on Judicial Conduct** (https://cjc.ny.gov)
- **Refer the matter to the District Attorney's Office** (Nassau County DA) directly.

- **LEGAL REMEDIES**

Once criminal activity is alleged and established under the Court's subpoena powers. (e.g.. hiring a person with a known , professed and bragged about criminal background to intimidate, and threaten a witness , perjury, concealment of evidence ( the Ross Eisenberg straw law firm letter. ) and , obstruction of the lease by sending them back as Hisbani and Light did .. and John Olsen Did .

1. **With permission I ask to File a Motion for Dismissal , Fines , and Sanctions.** citing:
   - Judiciary Law § 487
   - NYCRR § 100.3(D)
   - Case law on fraud upon the court
2. **Ro include a Request , referral for criminal investigation** of the Petitioner (by DA and NY AG ) so Ordered by a granting of the motion.
3. **Request subpoenas and pretrial discovery and an evidentiary hearing** to document the misconduct on the record.
4. **A filing of a Judicial Misconduct Complaint** if the judge continues to ignore credible reports of repeated Petitioner Misconduct

- **Controlling legal authorities include** : statutes, case law, and ethical rules—that are cited to support the facts and position that the **Landlord-Tenant Court (Nassau County District Court, LT Part)** has both the **authority** and the **duty** to act when there is **fraud upon the court, intimidation, or criminal misconduct by Petitioner** :

I. STATUTORY AUTHORITY

## 1. CPLR § 5015(a)(3) – *Relief from judgment or order*

"The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion, with such notice as the court may direct, upon the ground of... **fraud, misrepresentation, or other misconduct of an adverse party**."

## 2. Judiciary Law § 487 – *Misconduct by attorneys*

"An attorney or counselor who is guilty of any deceit or collusion, or consents to any deceit or collusion, **with intent to deceive the court or any party**, is guilty of a misdemeanor..."
Also allows for **treble damages** in civil court if the client is harmed.

## 3. Penal Law § 215.10 – Tampering with a witness in the fourth degree

Prohibits attempts to **intimidate or harass parties or witnesses** involved in a legal proceeding.

**4. Penal Law § 210.05 – Perjury in the third degree**
Prohibits knowingly making a false sworn statement in a proceeding.

### 5. Penal Law § 195.05 – Obstruction of governmental administration

Criminalizes **interference with court proceedings** through intimidation, threats, or deception.

**II. CASE LAW: Fraud Upon the Court**

### 1. Kase v. County of Westchester, 119 A.D.3d 764 (2d Dep't 2014)

The court held that a judgment may be vacated where a party engages in **fraud, misrepresentation, or other misconduct** that impacts the integrity of the judicial process.

### 2. CDR Creances S.A.S. v. Cohen, 23 N.Y.3d 307 (2014)

NY Court of Appeals reaffirmed that fraud on the court includes "conduct that defiles the judicial process." and warrants severe remedies.

### 3. Gibson v. Makowski, 44 A.D.3d 1067 (2d Dep't 2007)

"A party may move to vacate a judgment based on newly discovered evidence or fraud. including **intentional concealment of material facts.**"

### 4. Matter of Holden v. State of NY, 39 A.D.3d 937 (3d Dep't 2007)

Clarifies that fraud upon the court involves a **"willful attempt to subvert the court's impartiality and decision-making authority."**

**III. JUDICIAL ETHICS AND REPORTING DUTY**

### 1. 22 NYCRR § 100.3(D)(1)–(2) – *Rules of Judicial Conduct*

A judge who "receives information indicating a substantial likelihood that a lawyer has committed a substantial violation of the rules of professional conduct shall take appropriate action."

If the violation **raises a question of criminality**, the judge is **required to report it** to the **appropriate authority**, such as the District Attorney or disciplinary committee.

**IV. ENFORCEMENT REMEDIES**

**1. 22 NYCRR § 130-1.1 – Sanctions for frivolous conduct**
Courts may impose costs or financial sanctions on parties or attorneys who:

- Engage in frivolous, deceitful, or harassing litigation conduct;
- Or who submit false, misleading, or deceptive papers as occurred in this case by Hisbani and Light PC and Ross Eisenberg Esq .

**The Respondent Desmond Lynch** asserts and answers :

"The conduct of the Petitioner and their agent rises to the level of **fraud upon the court**, as defined in *CDR Creances S.A.S. v. Cohen*, and violates **Judiciary Law § 487** and **Penal Law §§ 210.05 and 215.10**. The Court has both the **inherent authority** and the **statutory duty** under CPLR **5015(a)(3)** and **Rules of Judicial Conduct § 100.3(D)** to take immediate remedial action."

Dismissal , with , or without , Prejudice, is in Order , with fines, sanctions, and punitive damages for waste of Respondent's resources and time , and the Judicial Resources frivolously wasted by Petitioner , wasted for over 2 years, while to prevent recurrence as Ross Eisenberg Esq is a known , repeat offender cited in another case the Court knows of being previously fined and sanctioned as a attorney in the public records as reported evidence was given this Court , Therefore: punitive damages are to be awarded here, to prevent repeat , further Petitioner and its attorneys misconduct , is just and proper .

# Exhibit D

Derrick M. Johnson assignee , Affidavit , with Standing of respondent Harold Leavitt in LT matter 00059-22 & is Plaintiff in the N.Y. State ,Nassau County , Supreme Court matter 000143-23

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DESMOND LYNCH,
Plaintiff

-against-

**Federal Docket Case # 2:25-cv-03583-RPK-ARL**

PALM AVENUE HIALEH TRUST , JOHN OLSEN **(aka director and alleged king-pin of an Interstate organized criminal enterprise and interstate racket )**

**AFFIDAVIT OF DERRICK M. JOHNSON ,**

assignee with Standing of named Respondent , Harold Leavitt, in the LT Matter 00059-22 and Plaintiff in the Matter of Derrick M. Johnson Vs Pam Avenue Hialeh Trust et al, Defendants 000143-23

1. I make toy affidavit and swearing under penalty pf perjury . I am familiar with the facts and here by attest as follows.

2. I am of Islamic Faith and found myself discriminated against as a party with standing in the Landlord tenant matter, of Palm Avenue Hialeh Truss et al , Petitioner vs Harold Leavitt, Desmond Lynch, et al Respondents.

3. I am an assignee of the l ease with the option to buy , under which the subject property at 970 Hillman Street, West Hempstead NY, owned by Petitioner Palm Avenue Hialeh Trust, is subject to .

4. I was not served trial notices on two occupations, in effect setting up a secrete trial where I am a party with standing . On Friday June 6th, 2025 , my Sabbath , there was a trial date set without serving me nor Harold Leavitt , Trial notice.

5. On June 5th , 2025 I had a process server , serve the parties and the Court , and had filed the affidavit of service with notion on June 6th, a motion for religious accommodation to not set a trial on my Sabbath or holy holiday,

6. On June 6th, 2025 the Court obstructed and bulldozed my motion, and instead of setting it down for calendar , it set a new trial date, for Tuesday , June 10th, 2025 , without serving me, nor Harold Leavitt trial Notice .

7. I am a party with standing and equitable interest , that exceed $73,000 in down payment accrued over the time of lease payments which began in 1999 by Harold Leavitt, and thereafter by his continued lease payments to Palm Avenue Hialeh after it set a 90 Day Notice to Quit and Demand of Lease document , my lease payments as assignee under the lease , to the Defendant/ Petitioner Palm Avenue.

8. On June 6th, after speaking with Mr., Lynch, I was informed that the Judge had made an informal , ad hoc, unilateral decision that I was only a witness, and not a party with standing . Mr. Lynch Order the transcript and discovered that no recording was made .

9. That omission by the Judge William Hohauser is a repeated pattern, which obstructs the Constitution to access a fair hearing, appeal, and trial.

10. I am seeking and appeal of the June 12, 2025 Verdict, which damages my asset value as a lease holder, and assignee investor.

11. I am also on appeal in my NY State Nassau County, Supreme Court case for specific performance where the case was dismissed as an unlawful means to cure the rejected default of the answer by defendant.

12. I was defrauded by Defendant's attorney Michael Ershowsky in cooperation with presiding Judge Marber, who aided and abetted the fraud as she presided.

13. As self-represented Pro Se, plaintiff, and non-consenting party to e-filing , I was not served appearance notices, an order to show cause by Defendant attorney, nor the conditional order, served manually to my last known adders, instead the 1st known address was served, while none of the , non-consenting parries to e-filing , including Desmond Lynch none of , self-represented parties were served, a violation of due process.

14. As part of the unlawful scheme to cure the defaulted Defendant answer, that defendant legally affirms, its and my lease , the e-file did not contain , nor did the clerk down load my summons and complaint, and Judge Marber ruled on the case from a one sided , bifurcated file, with one side only, of the facts and evidence of the plaintiff omitted . That ploy is a repeated pattern that has caused a fraud upon the Court.

15. In tandem with that I had an open order to show cause, under Pressing Judge Chrstopher Coschignano, who violated the 60 day rule to decide dismissal of the action and sanctions and fines against Petitioner attorney, the Ross Eisenberg, and the presiding Judge Coschignano, impeded the Court process for 11 months, to give Defense attorney replacing Ross Eisenberg , Michael Ershowsky Esq, 11 months to" cure " by unlawful means, the default that affirms the lease , cured by a dismissal, the NY supreme Court case , without prejudice . Dissed long enough to temporarily destroy and obstruct the evince of default and Petitioner affirmation of the lease, just long enough , to effect an illegal eviction and verdict absent obstructed evidence

16. Thus, Judge Coschignano, Micheal Ershowsky, Judge Marber , and Bench trial Judge William Hohauser , coordinated and orchestrated a scheme to defraud the courts and to unlawfully cure the lease issue, not by motion to compel, late acceptance as required by law , instead by unlawful dismissal of the case , without prejudice, so as to constructively destroy, just in time, LT trial evidence. The cited fraud , new evidence has given rise to a Notice of Removal, to Federal Court , that is timely and fits the fraud exception.

17. Once that was done, the unlawful and corrupoted trial was rushed forwards obstructing my motion of June 5th, and done so without trial notice to me nor Harold Leavitt named respondent ,resetting the trial from my Sabbath, , Friday June 6th , reset to Tuesday June 10 , again without trial notice to me, assignee in the shoes of Harold Leavitt, nor Harold Leavitt, named respondents .

18. This is a case of first impressions under color of law, and now requires federal intervention , which I whole heartedly support .

19. It would be a travesty of Justice to remand the case back to distract court to enable it complete the crime it commenced , kneelingly and intentionally , where , a fraud upon two Courts, , was and is aided and abetted by the presiding Judges, Marber, Hohauser and Coschignano, directed by criminal spear head., Michiel Ershowsky . Esq.

20. Palm avenue is a corrupt organization and interstate racketeer , that is very dangerous, and has a proven track regird of being able to seduce, enlist and corrupt judges,

Hereby Sworn to

Derrick M. Johnson 6/17/2025

Derrick M. Johnson , Assignee , Pro Se with standing , of named Date

Respondent , Harold Leavitt , in th e action of LT # 000059-22

NOTARY

17th day of June 2025

MARJIE SANTIAGO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6238636
Qualified in Queens County
My Commission Expires 4/11/2027

MAIRIE SANTIAGO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6238636
Qualified in Queens County
Commission Expires

# PROPOSED ORDER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

Desmond S. Lynch, Pro Se, Federal Docket Case # 2:25-cv-03583-RPK-ARL

Plaintiff,

-against-

John Olsen, alleged king Pin, Palm Avenue Hialeah Trust, et al.,

Defendants.

--------------------------------------------------------------------------------X

(PROPOSED)

## ORDER

Upon consideration of Plaintiff Desmond S. Lynch's Motion to Vacate the Remand Order and for Recusal of Judge Rachel Kovner, and the supporting affidavit, memorandum of law, and exhibits submitted therewith, it is hereby:

ORDERED that the Remand Order Vacatur Motion is GRANTED in its entirety ; and it is further

SO ORDERED that the Remand Order previously issued by Judge Rachel Kovner is hereby VACATED as void ab initio; and it is further

SO ORDERED that Judge Rachel Kovner is hereby RECUSED from further proceedings in this matter; and it is further

SO ORDERED that Plaintiff's previously submitted Order to Show Cause and request for Temporary Restraining Order (TRO) is hereby GRANTED, and all enforcement actions based on the underlying District State Court , LT Part, orders are temporarily STAYED and INJUCTIVELY enjoined ; and it is further

SO ORDERED THAT, THE Hempstead Code Enforcers and Nassau County Police are enjoined from harrsasing, stalking, and forcing entry into the home of the movant/ plaintfif where he lives, forced entry without a Order, or warrant , as was done on June 12th, and June 17th, 2025 .

SO ORDERED that Plaintiff is granted LEAVE TO AMEND the caption and complaint to add Michael Ershowsky, Esq. as a co-defendant; and it is further

ORDERED that this case shall proceed under federal jurisdiction, and the Clerk is directed to restore the matter to the active docket for proper adjudication with an affirmed intent for a Jury Trial;.

SO ORDERED.

Dated: Brooklyn, New York

_____________, 2025

_____________________________

United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

Desmond S. Lynch, Pro Se,
Plaintiff,

**Federal Docket Case # 2:25-cv-03583-RPK-ARL**

-against-

John Olsen alleged king-pin, Palm Avenue Hialeah Trust, et al.,

Defendants.

______________________________________________X

**AFFIDAVIT OF SERVICE**

(STATE OF NEW YORK , COUNTY OF NASSAU )

I, Darnell Heard , being duly sworn, depose and say:
That I am over the age of 18 and am not a party to this action , and that on July 17, 2025, I served a true copy of the following documents:

- Notice of Motion
- Memorandum of Law
- Preliminary Statement of Facts
- Affidavit in Support-
- SUPPLEMENTAL AFFIDAVIT OF BIAS IN SUPPORT OF MOTION TO VACATE REMAND ORDER AND FOR JUDICIAL RECUSAL -OR- in the alternative SO ORDERED DISQUALIFACTION OF THE HON. JUDGE RACHAEL KOVNER
- Exhibits A through D
- Proposed Order
- This Affidavit of Service unsigned and unnotarized , with a cover letter

**by the following method:**

(x) U.S. Certified Mail Return Receipt Requested properly addressed and postage prepaid
☐ Overnight Mail / Courier Service ☐ Personal Service

**Mailed To:**

- Michael Ershowsky, Esq.

Attorney for Defendant John Olsen ,ling pin , Palm Avenue Hialeah Trust et al
290 Central Ave, Lawrence , NY 11559

- Derrick M. Johnson, pro se , lease option , assignee

with the standing of named respondent Harold Leavitt in LT Case 00059-22/ plaintiff in 000143- 2023 NY Supreme Court Case , Judge Marber presiding
970 Hillman Street, West Hempstead NY 11552

- Nassau County Sherriff , 240 Old Country Rd, Minella, NY 11501
- District Court LT Part, Care of the hon Court Clerk, 99 main Street Hempstead, NY 11550

I affirm under penalty of perjury that the foregoing is true and correct.

[signature]
Darnell Heard 285 Quincy St. Suite 1D, Brooklyn, NY 11216

Date: July 17, 2025

**NOTARY**

[signature]
CLASSIE DOCKERY
COMMISSIONER OF DEEDS
City of New York - No. 212903
Qualified in Kings County
Commission Expires January 1, 2027
July 18, 2025

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
HICKSVILLE POST OFFICE, NY 11801 JUL 17 2025 USPS
Sent To
NASSAU COUNTY SHERIFF DEPARTMENT
240 OLD COUNTRY RD
MINEOLA, NY 11501
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions
9589 0710 5270 1958 9657 52

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
HICKSVILLE POST OFFICE, NY 11801 JUL 17 2025 USPS
Sent To MICHAEL ERSHOWSKY ESQ
For Palm Avenue Hialeh &
John Olsen, director & alleged king-pin
Street and Apt. 290 CENTRAL AVE.
City, State, ZIP LAWRENCE, NY 11559
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions
9589 0710 5270 1958 9657 45

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
HICKSVILLE POST OFFICE, NY 11801 JUL 17 2025 USPS
Sent To
Derrick M. Johnson, assignee with Harold Leavitt
Standing of named respondent
970 Hillman Street
West Hempstead, NY 11552
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions
9589 0710 5270 1958 9658 20

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE
Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
HICKSVILLE POST OFFICE, NY 11801 JUL 17 2025 USPS
Sent To The Court Clerk
District Court, LT Part
Street and Apt. No., or PO Box No. 99 Main Street, 2nd fl.
City, State, ZIP+4® Hempstead NY 11550
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions
9589 0710 5270 1958 9657 38